HOUSTON & TEXAS CENTRAL RAILWAY CO. v. HODDE & WERNER.

1. COMMON CARRIERS.—CHARGE OF COURT. In a suit against a common carrier for damage to cotton bales, and where the issue is, whether the cotton bales were received or in effect delivered to defendant, and where the testimony on such point is conflicting, it is error in the court in the charge to the jury to call attention to evidence about which there could be no doubt, and instruct that such facts prove a delivery, and the consequent liability of defendant.

2. DELIVERY TO A COMMON CARRIER. The placing cotton on the wagon or car of a carrier, or near his boat or warehouse, is not a delivery, unless some regulation of the carrier or custom existing between the carriers and the public makes it otherwise, or notice is given to the carrier, or his agents or authorized servants.

APPEAL from Harris. Tried below before the Hon. James Masterson.

The facts appear in the opinion.

*Baker & Botts*, for appellant.

*W. P. Hamblin*, for appellees.

DEVINE, J.   The appellees, who were plaintiffs in the court below, sued the defendant, in the District Court of Harris county, to recover for a loss occasioned by the partial destruction of eleven bales of cotton, destroyed or damaged by fire after being placed upon a car of defendant, and being upon a side track adjoining the platform of a private warehouse, in the town of Brenham, it being so placed for the purpose of being transported to Houston by defendant.   The petition averred that defendant was a common carrier; that the cotton was destroyed or damaged by the negligence of defendant; that the defendant was liable for the loss and injury to plaintiffs; with the usual prayer for damages.

The defendant excepted, and answered with a denial of all liability, and a denial of any delivery to, or acceptance of the cotton for transportation by the defendant, its agent, or any of its servants, or any notice to it, of the cotton being loaded on its car.

The jury returned a verdict in favor of the plaintiffs for three hundred and seventy-seven dollars.

Exceptions were taken to the rulings and charge of the court, and a motion for a new trial being overruled, defendant appealed.   The only question requiring consideration is the alleged error in the charge of the court to the jury, as specified in defendant's bill of exceptions.   The correctness or error of the charge is easily ascertained by a brief reference to the material portions of the evidence.   The witnesses for the plaintiffs stated that the merchants of Brenham, or those whose warehouses were contiguous to the side track of the railway, were accustomed to having freight cars allotted to them on application to the agent of defendant, in proportion to the number of bales of cotton which each merchant might have for

shipment; that the car or cars so allotted to a merchant were run alongside the platform belonging to the warehouse, and the cotton placed upon the car so allotted, by the merchant or his *employés ;* that the agent of defendant, or one of his clerks, went around in the evening, before the arrival of the freight train, and counted the bales on each car, taking marks, and giving corresponding receipts; that this permission to the warehousemen, to load the cars at their own platforms, was a convenience to the railroad company, it saving the labor of placing the cotton on the cars, and that, transportation being scarce, the merchants, in the words of plaintiffs' principal witness, "were glad to ship any way;" that G. H. Mensing, plaintiffs' merchant, on application of his clerk, obtained the consent of defendant's agent, that if he (Mensing) could get this car to his platform he might do so, and load it there. It was moved to Mensing's warehouse, loaded there by Mensing's laborers, and the cotton upon it set on fire by the sparks from the smoke-stack of a passing locomotive, some twenty or twenty-five minutes after it had been placed on the car. The eleven bales weighed five thousand five hundred and forty pounds, three thousand three hundred and eighty pounds of which were afterwards sold by plaintiffs for fourteen (14) cents per pound, in gold, and "a bale of pickings" for twenty-six (26) dollars, gold. The defendant proved, by R. I. Compton, its former agent at Brenham, that the duties of his clerks and himself were to receive and receipt for freight to be carried on the company's cars; he was to receipt for all cotton loaded on the defendant's cars; that printed rules were posted up in his office, requiring the personal supervision of the agent or his clerks in loading and checking the freight; that plaintiffs delivered him no cotton on the day alleged or preceding day; that the day referred to in petition (September 22, 1872), cotton was loaded on four cars—one at the railroad depot, two at the platform of Harris & Cook, and the one at Mensing's platform, on which plaintiffs' cotton was placed. The car loaded at the railroad depot was in possession of witness; the two loaded at Harris & Cook's

were in the possession of that firm, and the one containing plaintiffs' cotton was in the possession of G. H. Mensing; that the car was taken possession of by Mensing and plaintiffs; that Mensing had charge of the car and cotton at the time; that the cotton had never been reported to him as being ready for delivery. He did not consider cars so laden with cotton to be in his possession until reported to him, an examination made, and bills of lading signed for the same; that the cotton was taken possession of by G. H. Mensing and plaintiffs, after the fire.

Another witness. for defendant testified, that the paper shown here in court was the printed tariff of defendant's rates and charges, and rules for the government of its agents and the public, which provided that "all cotton, merchandise, or "other articles offered for shipment, must have the personal "supervision of the agent or his clerk, in loading and check- "ing." The statement of the evidence shows a conflict of testimony on the material issue, which was,—Was the cotton received by, or in effect delivered to the defendant's agent or clerks for the purpose of being transported to Houston? The appellant claims that the second paragraph of the charge took away from the jury the proper consideration of this issue, and misled the jury on this, the principal question at issue. The paragraph complained of is the following: "If the facts satisfy "the jury that the cotton was actually on the car of defendant's "company, standing on a side track of defendant, permitted, "or caused to be run alongside of a private warehouse, stand- "ing by the side track, and that the car had been assigned by "the agent or servant of defendant, for the purpose of being "loaded, then defendant's company will be held to have received "the cotton for shipment, and unless they have delivered it at "place of destination, the company must respond in damages, "as stated in charge first." In view of all the evidence, this portion of the charge was error, it pointed to evidence unquestionable in the case, about which, on its principal points there could be no doubt, and made those facts the proof of a delivery and consequent liability by defendant; there was under

this charge but one course left the jury, that was, to find for the plaintiffs.   In the progress of the trial the conflicting evidence was overlooked, which made it a question peculiarly for the jury to determine (not alone from the facts alluded to in paragraph second of the charge, but from a consideration of all the evidence adduced), whether there was a delivery to, or acceptance by the defendant, for transportation of the eleven bales. The court, in its opening portion of the charge, clearly stated the liability of common carriers, and in the latter portion of the charge the jury was correctly told "whether or not there "was a delivery to defendant of the cotton, is a question of fact "for the jury to find from the evidence; if from all the facts "you believe that plaintiffs' cotton was never delivered to de- "fendant, and defendant's company never actually received "said cotton on its cars, find for defendant;" this portion of the charge, however, did not, and was not calculated to remove the impression caused by paragraph second, which made the placing the cotton on the cars a delivery, and to which placing on the car the attention of the jury was again directed in the closing sentence of the charge.   The placing cotton on the wagon or car of a carrier, or near his boat or warehouse, is not a delivery, unless some regulation of the carrier or custom existing between the carriers or the public, makes it otherwise, or notice is given to the carrier or his agents, or authorized servants.   (See Angell on Common Carriers, Sections 143 and 145 ; Packard v. Getman, 6 Cowan, N. Y. R., 757.)

The court, for the error in the charge, should have granted a new trial.

The judgment is reversed and the case remanded.

Remanded and reversed.