### Mo. Pac. R'y Co. v. White & Best.
#### (No. 2302.)

APPEAL from Wood County.   Opinion by WILLSON, J.

WHITTAKER & BONNER, counsel for appellant.

GILES & KUTEMAN, counsel for appellee.

**§ 160.** *Measure of damages for failure of railroad company to transport, etc., freight; erroneous charge as to, not reversible error when; case stated.* Appellees sued appellant to recover $495.87 damages alleged to have been sustained by them, by reason of the delay of appellant in transporting to market lumber of appellees. They recovered judgment for the amount sued for and costs. Appellant assigns that the court erred in that part of its charge to the jury in which the following language is used, to wit: "If the plaintiffs are entitled to recover at all, they are entitled to recover the difference in the price actually obtained for such lumber as may have been delayed, when it was actually transported by defendant, and the price which could have been obtained by plaintiffs in market had it been shipped within a reasonable time after demand was made upon defendant for such transportation." *Held*, this charge is not critically correct. The true measure of damage in this case is the difference in the market value of the lumber at the time and place it should have been delivered, and its market value at said place at the time it was delivered. [W. & W. Con. Rep. § 814; Hutch. on Carr. § 771.]

**§ 161.** *Erroneous charge not reversible error, when.* But although this charge is erroneous, it could not have injured appellant, because the only evidence as to the damage was the market value of lumber at the time

and place it should have been delivered, and its depreciated market value at the time it was delivered. There was no evidence showing the amount actually obtained by appellees for the lumber. This being the state of the evidence, the charge could not have misled the jury, and could not have prejudiced the appellant. It has been repeatedly held that an erroneous charge will not be cause for reversal when it is manifest that no injury could have resulted therefrom to the party complaining of it. [2 W. Con. Rep. § 187, and cases there cited.]

§ 162. *Charge on the weight of evidence.* The third error assigned calls in question that portion of the charge which reads as follows: "In determining the question as to whether or not the defendant, the Missouri Pacific Railway Company, operated and controlled the said T. & P. Railway by Lake Fork switch, at and during the time of the injury complained of, you are charged, that if you believe from the evidence that the agents who represented the T. & P. R. R. were in the employ and pay of the Missouri Pacific Railway Company, and that defendant held out such agents as their agents; that defendant had posted in the cars on the T. & P. R. R. and in station houses on such line of said T. & P. R. R., notices, orders, maps and advertisements referring to said T. & P. R. R. as one of defendant's leased lines, and if parties dealing with the agents along said T. & P. R. R. received bills of lading in the name and upon the blanks printed in the name of said Missouri Pacific Railway Company, and that the general and public and notorious belief of the public along said line of the T. & P. R. R. was that said T. & P. R. R. was one of defendant's leased lines of railroad, and was under defendant's control and management, and that that general, notorious and public belief had been produced by said acts of this defendant, through the agents and employees, and other acts and conduct of like nature, and that plaintiffs, for that reason, believed, when they were shipping lumber over the T. & P. R. R. in the fall of 1883, and opening of 1884, that said railroad

was being operated by said defendant company, and that such belief was the result of defendant's line of conduct, then you will find that said line of T. & P. R. R. was operated by the Missouri Pacific Railway Company, at the time of the alleged injury." *Held:* This portion of the charge is upon the weight of the evidence, and is therefore erroneous. [R. R. Co. v. Hodge & Weaver, 42 Tex. 467.]

§ **163.** *Judicial knowledge of the Missouri Pacific system of railroads; erroneous charge not reversible error, when.* But entertaining the view that we do of this case, this erroneous charge was immaterial. It was an unnecessary charge. It was within the judicial knowledge of the court that the Texas & Pacific Railway was a part of the Missouri Pacific railway system, and was operated by appellant. Proof of this fact was not required, and the court should have so instructed the jury. [2 W. Con. Rep. § 679.] This view is not affected by the fact that evidence was adduced on the trial by appellant that it did not operate, manage or control the Texas & Pacific Railway. By the acts of appellant for a series of years, it had been made notorious throughout the state that it did operate, manage and control said railway. This was the public and general understanding of the people of the country, and this understanding resulted from the acts, declarations and conduct of appellant's officers and agents in the management of its business. This state of facts estopped appellant from denying such operation, control and management. If, in fact, appellant does not operate said railway, it should relieve itself from further liability in this respect by distinctly and publicly announcing such fact, and by conforming its acts and declarations to such announcement. It cannot be permitted to openly and notoriously operate, control and manage said railway, and then avoid liability in respect thereto. It cannot be heard to dispute a fact established by its own conduct.

October 16, 1886.    Affirmed.