MARY E. FARNANDES ET AL. V. WILLIAM SCHIERMANN ET AL.

Decided February 2, 1900.

1. **Charge of Court—Boundary Line.**

Where there was other evidence besides the testimony of the witness F. tending to establish that a disputed boundary line was where plaintiff claimed it, a charge instructing the jury that the testimony of F., if true, fixes the line as claimed by plaintiff, and if they believed that contention established, they should return their verdict accordingly, was erroneous as singling out certain evidence and making plaintiff's right depend on its truth or falsity, and as being on the weight of evidence.

2. **Boundary Case—Verdict Uncertain.**

Where the southwest as well as the northeast line of the conflicting survey was in dispute, a verdict was void for uncertainty which merely fixed the northeast line at a given distance from the southwest line, without locating the latter line.

APPEAL from Navarro. Tried below before Hon. L. B. COBB.

*R. D. Coughanour,* for appellants.

*C. W. Croft,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit, an action of trespass to try title, was instituted March 8, 1898, by Mary E. Farnandes, Alverda Griffith, R. R. Griffith, Emma Coleman, Mary V. Gault, Matthew Gault, Charles H. G. Hungerford, William Diffenderffer, Nanie Diffenderffer, Charles H. Diffenderffer, Anna G. Griffith, Nattie T. Griffith, Helen Griffith, Bertha Griffith, Charles T. Griffith, Edna G. Sloan, and J. V. Sloan, plaintiffs, against William Schiermann and his wife Margaret J. Schiermann, defendants, for the recovery of the land described in their amended petition, about twenty-three acres in the John Taylor league in Navarro County, Texas.

R. R. Griffith is the husband of Alverda Griffith, and joins her, pro forma, herein; Matthew Gault is husband of Mary V. Gault, and joins her, pro forma, herein; and J. V. Sloan, as the husband of Edna G. Sloan, joins her, pro forma, herein.

Nannie Diffenderffer and Charles H. Diffenderffer, minors, are represented herein by their next friend, William Diffenderffer, and Helen Griffith, Bertha Griffith, and Charles T. Griffith, minors, are represented herein by their next friend, Anna G. Griffith.

The John Taylor league of land in Navarro County was granted by the Republic of Mexico to John Taylor, October 12, 1835, and June 7, 1862, one-third of a league adjoining the Taylor league on the northwest,

and slightly in conflict with it, was patented to W. M. Love. The land thus in conflict, as described in plaintiff's petition, is the subject matter at issue in this suit, and is claimed by the appellants under the Taylor grant, and by appellees under the Love patent.

Plaintiffs claim the land in general terms in their petition, and deraign title by descent as heirs at law of Israel and Sarah Ann Griffith, deceased.

Defendants answered June 6, 1898, by general demurrer, pleaded the general issue, and the statutes of five and ten years limitations.

The case was tried with a jury, and under the general charge of the court they returned a verdict as follows: "We find for the plaintiffs for so much of the land in controversy as is situated on the Taylor league as run out and established by William Elliott, the northeast line being 5026 varas from southwest line." Whereupon judgment was accordingly so rendered April 5, 1899.

Plaintiffs moved for a new trial, which said motion being overruled, they excepted, and in open court gave notice of appeal, assigned errors, and have brought up the record.

Appellants complain in their first assignment of error of the following clause of the court's charge: "The testimony of Mr. Finch, by whose locating of the line plaintiffs claim, fixes, if true, the northeast line of the John Taylor league 5545 varas from its southwest line, and if you believe that contention is established over the contention of defendant by a preponderance of the evidence, your verdict will be that the northeast line of the survey is 5545 varas northeast from its southwest line. If this contention of plaintiffs is not so established, you will find the northeast line of the survey to be 5026 varas from its southwest line."

The objection to the above charge is, that it singles out the evidence of a particular witness and makes plaintiffs' right to recover depend upon the truth or falsity of his evidence, and is a charge upon the weight of evidence.

In this charge the jury are told where the testimony of Finch fixes the line, and if true, the northeast line of the Taylor league is 5545 varas from the southwest line. There were facts shown which, taken in connection with Finch's testimony, tended to show that the true location of the northeast line of the Taylor league was where Finch placed it. It was shown that the northeast boundary of the Taylor league and the southwest boundary of the Frier survey was a common line. The Frier survey was the older survey, and was called for in the field notes of the Taylor league.

It was shown that parties owning land in the Frier survey had built their boundary fences between the two surveys, where Finch locates the line. These were circumstances tending to show that the true location of the northeast line of the Taylor league was where Finch located it. The jury may have concluded from the charge that they were not to consider these circumstances in finding the true boundary.

Again, the charge may have tended to mislead the jury in using the

qualifying words, "if true," in reference to Finch's testimony. The court had charged in another clause that the burden of proof was on plaintiffs. This charge was subject to the criticism in said first assignment of error. Randall v. Gill, 77 Texas, 355; Railway v. Kutac, 76 Texas, 478; Medlin v. Wilkins, 60 Texas, 415; Railway v. Hodde, 42 Texas, 470.

Appellants under their third assignment of error contend that the verdict of the jury does not respond to and decide with certainty the issues between the parties as made by the pleadings and evidence, and leaves the issues and rights of the parties where they were before the trial, and the ministerial officers of the court can not carry out the judgment without determining the fact whether the plaintiffs' land really conflicts with that of defendants, and to what extent. The verdict of the jury reads: "We, the jury, find for the plaintiffs for so much of the land in controversy as is situated on the Taylor league as run out and established by William Elliott; the northeast line being 5026 varas from the southwest line."

The judgment follows this verdict. The land sought to be recovered is claimed to be the north corner of the Taylor league. This contention arises out of a conflict between the north corner of the Taylor league and the south boundary of the William M. Love survey.

The issues to be determined are the true location on the ground of the northeast boundary of the Taylor league and the northwest boundary of said league. The verdict of the jury determines that the northeast boundary is 5026 varas from the southwest boundary. This might be sufficient, if the southwest boundary was established, which it is not. That line is in dispute. Finch says it is at one place and Elliott at another. Elliott ran it out, but did not locate it on the ground. The northwest boundary is also in dispute. Elliott did not pretend to locate this line on the ground. It is impossible from the verdict to determine the location of the northeast and northwest boundaries of the Taylor league and the amount and location of the land recovered. The verdict does not dispose of the issues. Stafford v. King, 30 Texas, 277; Barnett v. Caruth, 22 Texas, 174; Spira v. Williams, 20 Texas, 442.

The court erred as set out in the third assignment in not granting a new trial. The judgment will be reversed and cause remanded.

*Reversed and remanded.*