#### BONNER v. PITTS.    (No. 7529.)

(Court of Civil Appeals of Texas. Dallas. May 13, 1916.)

1. BOUNDARIES ⬰42—ESTABLISHMENT—TRIAL—VERDICT.

In a boundary suit, the jury is required definitely to locate the line by its verdict.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. § 208; Dec. Dig. ⬰42; Trial, Cent. Dig. § 787.]

2. BOUNDARIES ⬰42—ESTABLISHMENT—TRIAL—VERDICT.

In a boundary suit, description of a line in the verdict as being the south line of a certain survey, such south line not being otherwise located, is not such definite location as is required in a verdict.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. § 208; Dec. Dig. ⬰42; Trial, Cent. Dig. § 787.]

3. JUDGMENT ⬰256(1)—CONFORMITY TO VERDICT—BOUNDARIES.

In a boundary suit, where the jury by its verdict does not definitely locate a boundary line, it is error for the court to do so by its judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446, 454; Dec. Dig. ⬰256(1).]

Appeal from District Court, Freestone County; A. M. Blackmon, Judge.

Action by I. H. Bonner against Robert Pitts. From a judgment for defendant, plaintiff appeals. Reversed, and judgment entered for appellant.

---

⬰For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

W. W. Ballew, of Corsicana, and R. L. Williford and T. H. Bonner, both of Fairfield, for appellant. Geo. W. Fryer and Jas. Mac-Intosh, both of Fairfield, for appellee.

RAINEY, C. J. This suit was brought in the ordinary form of an action of trespass to try title, but on the trial it resolved itself into a boundary suit, to fix the line between a tract of land containing 54½ acres owned by appellant and a tract owned by appellee. Both tracts are out of junior surveys in the M. Riondo 11-league grant in Freestone county. The trial court instructed the jury that there were three questions of fact for their determination, as follows:

"(1) Is the 54½ acres of land in controversy a portion of the P. W. Patton or Rich survey; that is, is same included, and embraced by the boundary lines of the said Patton or Rich survey, as originally surveyed?

"(2) Is the 54½-acre tract in controversy a part of, and embraced by the lines of the 492-acre tract as originally surveyed and set out in the deed from J. W. Zachary to F. J. Satterwhite?

"(3) Has the defendant any portion of the 54½-acre tract of land in controversy in actual possession, under fence; and, if so, how much of same, and when was same actually inclosed by the defendant, or those under whom he claims?"

The verdict of the jury returned was:
"We, the jury, find for the defendant.
　　　　　　　　"L. B. Boyd, Foreman."

The judgment as entered, after reciting the verdict, then adds:

"Wherefore, the jury having determined the true boundary line between plaintiff and defendant to be the south line of the Joel Clapp survey and its extension to the river, and having determined this line to be the north line of the Patton, or Patterson, or Rich survey, of which this defendant and his tenant in common are the owners"

—and then decrees the 54½ acres sued for to appellee as a part of the Patton or Rich survey, this being the survey claimed by appellee.

[1-3] Appellant complains, in effect, that the verdict was not responsive to the charge of the court, and that answers should have been returned to each of the "special issues of fact" submitted by the charge. The court did not submit special issues, but merely stated certain facts necessary to consider in arriving at their verdict, and the general verdict would have been sufficient on the general issue of trespass to try title; but, the case having resolved itself into one of boundary, the verdict of the jury was not sufficient upon which to fix the true location of the line in question. In such cases the law requires that the jury by its verdict shall definitely *locate* the line. Reed v. Cavett, 1 Tex. Civ. App. 154, 20 S. W. 837; Farnandes v. Schiermann, 23 Tex. Civ. App. 343, 55 S. W. 378; Merrell v. Kenney, 45 S. W. 423. The jury by their verdict did not locate the boundary line between the surveys claimed by the respec-

tive parties, and it was error for the court to do so by its judgment.

Complaint is made that the verdict and judgment are contrary to and not supported by the evidence. We think the evidence does not justify the verdict, or warrant the judgment. The appellee's claim is to land lying in the Patton or Rich survey, and the appellant's claim is to 54½ acres lying just to the north of the Patton or Rich survey. The north line of the Patton or Rich survey is not found, nor identified by establishing marks, but governed by the original field notes as surveyed, and thus located by the original field notes it is at least 30 varas south of the south line of the 54½-acre tract claimed by appellant, and is about 380 varas south of the Joel Clapp survey, which lies north of the Patton survey. As we view the evidence, the southwest corner of the Patton or Rich survey is the northwest corner of the Hunt survey, which corner is plainly marked and identified by bearing trees; and, there being no marks or monuments on the north line of the Patton survey, nor anything more than course and distance to govern the true line, it must be fixed and determined by course and distance from the said northwest corner of the Hunt survey of 640 acres. The 54½ acres being tied to the Clapp survey on the north and to the Patton or Rich survey on the south, the distance being 350 varas from north to south, the location of the boundary line in dispute is hereby located and fixed at a point 1,230 varas from the northwest corner of said Hunt 640-acre survey, and at a point 350 varas from the Joel Clapp survey; said line to run east and west and to constitute the south line of the 54½-acre survey and the north line of Patton or Rich survey as between the said two tracts.

The judgment is reversed, and judgment here rendered for appellant.