## J. H. Thompson v. N. J. Albright.

### (No. 3185.)

Appeal from Harrison County.   Opinion by White, P. J.

A. Pope and T. P. Young, counsel for appellant.

No counsel appeared for appellee.

§ **24.** *Joint trespassers; each liable for the whole damages; separate judgment against each for part of the damage suffered cannot be rendered; case stated.* This was an action brought by Albright against Thompson and Thaddeas and Gross for a joint trespass upon and conversion of an undivided interest in four hundred thousand bricks, of the value of $900. At the trial the jury by their verdict found for plaintiff, against defendant Thompson for $250, and against the defendant Thaddeas for $40.64, and as to these parties judgment was entered accordingly. There was no finding by the jury as to the other defendant, Gross, but the court rendered a judgment in favor of Gross against the plaintiff. It is insisted that the verdict and judgment are erroneous, and not in conformity with the pleadings; that, as the action was one for joint trespass and conversion, in such case the recovery must be a joint one for the full amount of the damages against each and all the alleged trespassers who may be found liable for the trespass and conversion. We are of the opinion the point is well taken. "In case of joint trespass the party injured may sue one and all the trespassers, and each one will be liable for the whole damages, but a satisfaction made by one of them will discharge all." [2 Civil Cas. Ct. App., § 424; McGehee v. Shafer, 15 Tex. 198; 1 Suth. Dam. 211; Markham v. Navigation Co., 73 Tex. 247; Freeman, Judg. (3d. ed.), § 236.] The verdict and judgment are contrary and repugnant to the

44

cause of action set out in plaintiff's petition, the cause of action being a joint trespass, and the verdict and judgment being for separate and distinct liabilities.

§ 25. *Verdict; uncertain cannot be aided by matters outside the record; is the basis of the judgment, which must conform to it.* The verdict of the jury did not find either for or against the defendant Gross, while the judgment rendered by the court was in his favor. A judgment of a court must correspond with, and be only the legal result of, the facts found in the verdict. [Bledsoe v. Mills, 22 Tex. 650.] Whenever a verdict is neither certain in itself nor finds facts from which certainty can be attained, it ought to be set aside. [Mays v. Lewis, 4 Tex. 38.] When a verdict is thus deficient, no aid can be given to it by looking out of the record to the evidence given upon the trial in order to support a judgment rendered upon it. [Smith v. Tucker, 25 Tex. 594; 1 Civil Cas. Ct. App., §§ 904, 907.] The judgment must conform as well to the verdict as to the pleadings [3 Civil Cas. Ct. App., § 186]; and the verdict must constitute the basis of the judgment. [Id., § 377; Claiborne v. Tanner, 18 Tex. 68; Akin v. Jefferson, 65 Tex. 137.] There being no verdict in favor of defendant Gross, there was no basis for a judgment in his favor.

November 27, 1889.        Reversed and remanded.