WILLIAM REED ET AL. v. VOLNEY CAVETT ET AL.

No. 7.

1. **Boundary Suit—Description—Practice.**—In a boundary suit the judgment should definitely fix and establish the location of the line in dispute with reference to some known object then in existence, concerning the identity and locality of which there is no dispute.

2. **Same—Case Adhered to.**—Jones v. Andrews, 72 Texas, 5, adhered to.

APPEAL from Bell. Tried below before Hon. W. A. BLACKBURN.

*Harris & Saunders,* for appellants.— 1. There being no dispute about the respective titles of plaintiffs and defendants, the northeast and northwest corners and eastern and western boundary lines of the Sparks league being known and their position not disputed (its south boundary line only being in dispute), if the evidence failed to show the position of said south line by the marks or objects, natural or artificial, called for in the field notes of the grant, then the said disputed south line should have been established by the courses and distances given in the field notes for the eastern and western boundary lines from the northeast and northwest corners respectively. Hubert v. Bartlett, 9 Texas, 104; Booth v. Strippleman, 26 Texas, 440; Booth v. Upshur, 26 Texas, 66; Stafford v. King, 30 Texas, 257; Welder v. Hunt, 34 Texas, 44; Fagan v. Stoner, 67 Texas, 286; Shipp v. Miller, 2 Wheat., 316; Chenoweth v. Haskell, 3 Pet., 92; Ayers v. Watson, Fed. Rep., March 3, 1885; Tyler on Boundaries, 202.

2. The verdict of the jury is contrary to law. It decides nothing. It leaves the case just where it began, with the field notes in the Sparks title as the only guide to the officer who may be charged with the duty of putting plaintiff in possession of the land described in his petition and in the judgment.

3. The verdict and judgment should decide, settle, and determine the very matter in dispute between the parties, and so describe the land adjudged to plaintiff by objects now on the ground as to enable the officer executing the judgment to put plaintiffs in possession without a judicial investigation on their part.   Edwards v. Smith, 71 Texas, 156; Jones v. Andrews, 72 Texas, 5.

*Monteith & Furman*, for appellees.—The verdict and judgment in this cause are for certain land carefully described and identified in plaintiffs' petition and the judgment of the court.   Two corners of land recovered were established by both natural and artificial objects upon the ground, and the evidence on the trial clearly pointed out the southern boundary claimed by plaintiffs, which was shown by the testimony of witnesses to be an old marked line and there is always a strong presumption indulged in favor of the force and validity of a verdict and judgment.   Rev. Stats., arts. 4793, 4794; Machon v. Randle, 66 Texas, 282; Crabtree v. Whiteselle, 65 Texas, 111; Craig v. Cartwright, 65 Texas, 413; Koenigheim v. Miles, 67 Texas, 120; Railway v. Lee, 69 Texas, 560.

KEY, Associate Justice.—Appellees brought this suit in the form of trespass to try title, and described the premises sued for as follows:

" In Bell County, Texas, and out of the W. C. Sparks league of land: Beginning on east line of a 369 acres survey made for Mrs. Evetts out of the W. C. Sparks league, 587 varas south 19 west from the northeast corner of said Evetts survey, stake and pile of rocks for corner, from which mesquite marked X bears north $57\frac{1}{4}$ west $1\frac{1}{4}$ varas and a mesquite bears south $51\frac{1}{4}$ west $4\frac{1}{4}$ varas; thence south 19 west 2182 varas to stake in south line of W. C. Sparks league, from which elm marked X bears south 71 east $13\frac{1}{4}$ varas, an ash marked X bears south $35\frac{1}{4}$ east 5 varas; thence south 71 east 1716 varas to original southeast corner W. C. Sparks league; thence north 19 east 2182 varas to stake and stone mound in east line of said survey; thence north 71 west 1716 varas to place of beginning, containing 675 acres of land."

Appellants, who were defendants in the court below, pleaded a general denial and not guilty.   The record shows that it was mutually admitted in open court that appellees have title to the W. C. Sparks league along and down to the south line thereof, and that the appellants have title to the Joseph West survey and a portion of the Alexander McKenzie survey abutting on the Sparks league; that the Sparks league is the older survey; and the only matter in issue was the true position on the ground of the south boundary line of the W. C. Sparks league, and all the evidence related to this one issue.

The court instructed the jury, in effect, that if appellants were in pos-

session of or claiming any of the land north of the true south line of the Sparks league, to return a verdict for the plaintiffs; and if not, to find for defendants.

The jury returned a general verdict for the plaintiffs, upon which the court rendered judgment for the plaintiffs for the title and possession of the land sued for, describing it exactly as it is described in plaintiffs' petition. This judgment directs that a writ of possession shall issue against the defendants.

The defendants' motions in arrest of judgment and for a new trial being overruled, they have appealed.

The fourth and eighth assignments of error are as follows:

"4. The verdict of the jury is contrary to law. It decides nothing. It leaves the case just where it began, with the field notes in the Sparks title as the only guide to the officer who may be charged with the duty of putting plaintiffs in possession of the land described in their petition and in the judgment."

"8. The judgment is contrary to law, in that it does not determine the position of the south boundary line of the W. C. Sparks league, which was the only matter in issue in the case, and the only matter to be determined by the verdict and judgment."

These assignments are well taken. Though nominally an action of trespass to try title, the agreement of the parties and the evidence made the case a boundary suit only. In such a case the verdict and judgment should definitely fix and establish the location of the line in dispute with reference to some known object then in existence, concerning the identity and locality of which there is no dispute. If the plaintiffs' petition describes the particular land in dispute and the line in controversy in this manner, then a general verdict and judgment for the plaintiffs under appropriate instructions will be sufficient. If it does not, then the charge ought to direct the jury to, and by their verdict they should, designate the line, or a corner from which it could be surveyed and fixed, by stating its course and distance from such established and undisputed object.

Taking the description of the land as given in plaintiffs' petition by itself, and there is not necessarily any uncertainty as to the boundaries. But the Sparks league was located in 1834.

The ravages of time have caused the disappearance of many of the objects of identity called for in the original field notes; the bearing trees that fixed the locality of the southwest corner are gone; and applying these field notes or those in the petition to the ground now leaves room for dispute as to the correct location of its south line. Hence this suit, the very purpose of which is to determine where said line is: and the judgment should definitely fix its locality with reference to some object permanent in its nature, easily found, and now existing on the ground.

When this is done the matter in issue is settled, and an officer can execute a writ of possession without having to try the question of boundary himself.

But if the judgment follows the description in the petition, without any further identification of the south line of the Sparks league, it leaves room for the same uncertainty and dispute that existed before, and the officer executing the writ would have to determine as best he could where the south line of plaintiffs' land is.

In Jones v. Andrews, 72 Texas, 5, this identical question was considered and determined in accordance with the views we have expressed.

The court gave the jury the correct rules of law that govern in determining questions of boundary. The seventh section of the charge is assigned as error; but, barring the failure to direct the jury to fix by their verdict the line in dispute, we think the charge of the court is correct.

The charge of the court being correct and full on the subject to which appellants' special charge related, there was no error in refusing to give it.

For the error above indicated, the cause is reversed and remanded.

*Reversed and remanded.*

Delivered October 19, 1892.