McCurdy & Daniels v. G. W. Bullock.

No. 66.

1. **Verdict Insufficient.**— A verdict in a trial involving the locality of a common line between two surveys is insufficient unless it finds such locality from some known point or line. See example.

2. **Limitation of Five Years.**—Possession and payment of taxes of land for five years can only mature the deed under which possession is held into a good title. It can not amend a defective description in the deed. See example.

APPEAL from Bosque. Tried below before Hon. J. M. HALL.

*J. K. Helton*, for appellants.

*S. H. Lumpkin*, for appellee.

COLLARD, ASSOCIATE JUSTICE.—This suit, in form of trespass to try title, was brought by appellants, McCurdy & Daniels, against G. W. Bullock, the appellee, for the Isaac Fessenden 320 acres survey in Bosque County.

Defendant answered, that he was not in possession of the lands described in plaintiffs' petition, and disclaimed any interest, right, title, or possession of the Isaac Fessenden 320 acres survey; but says that he is, and was at and prior to the institution of the suit, in the quiet and peaceable possession of 160 acres of land, part of the Charles E. Hawkins survey; beginning at the southeast corner of the Hawkins, "thence north 30 west 752 varas to a tract sold J. W. Cartwright; thence south 60 west 1290 varas; thence south 30 east 752 varas; thence north 60 east 1290 varas to the beginning." He then sets up title to the land so described by possession under the statute of five years limitation. He also pleads improvements made in good faith.

It was admitted that plaintiffs owned the Fessenden 320 acres survey, and that defendant owned the 160 acres described in his answer, in the southeast corner of the Hawkins. The Fessenden survey of 320 acres was made May 24, 1850; the Hawkins survey, of nearly 4000 acres, was pat-

ented in 1854. Its last line from its southeast corner calls to run " thence south 60 west with Fessenden's and Kennedy's lines 3093 varas to the beginning," making a part of its south line identical with the north line of the Fessenden.

The deed of Dunnan to defendant, under which he claims title by limitation under the five years statute, describes the 160 acres as out of the southeast corner of the Hawkins, describing it in his answer. There was a conflict in the testimony as to the boundary line between the Fessenden and the Hawkins. The court instructed the jury to ascertain the locality of this line and establish it; and also submitted to them a charge upon defendant's plea of limitation.

The jury returned the following verdict: " We, the jury, find the northwest corner of a survey made for George W. Lively, from which a live oak bears north 76 west 125 varas, marked K, another marked – – bears north 77 west 125 varas; thence south 60 west, partly with the south line of the McFarland survey, 1900 varas to the northwest corner in prairie; thence south 30 east 770 varas, recrossed a creek 950 varas to corner, from which a live oak bears north 54 east 26 varas, marked D, another marked E bears north 87 east 33 varas. We, the jury, further find, that the defendant has had in peaceable possession for over five years the land sued for, and we find for defendant."

Thereupon judgment was rendered, declaring that it appeared from the verdict, " that the north line of the Fessenden as originally located upon the ground began at the northwest corner of the George Lively survey, a pile of rocks, from which a live oak bears north 76 west 125 varas, marked K, and another live oak bears north 77 west 125 varas; thence south 60 west, partly with the south line of the McFarland survey, and at a point where the next boundary line of the said Fessenden survey would intersect said north line running north 30 west from the southwest corner of said Fessenden survey, which is a known corner." It is then decreed, that the north line of the Fessenden " be and the same is hereby established"—where is not stated. The decree recites, that it further appears to the court from the verdict upon defendant's plea of limitation, that defendant had been " in the quiet and peaceable possession of all that part of the Fessenden survey as claimed by him in his said plea of limitation, by deeds duly registered, describing the lines and corners on the ground of 160 acres out of the southeast corner of said Hawkins survey, and paying all taxes due thereon, occupying, cultivating, using, and enjoying the same for more than five years next before the filing of this suit; and it further appearing from said verdict, that the jury had found for defendant the land claimed by him as aforesaid, it is ordered, adjudged, and decreed by the court, that the plaintiffs, W. H. McCurdy and N. H. Daniels, composing the firm of McCurdy & Daniels, take nothing by their suit herein, and that the defendant, George Bullock, do have

and recover of and from the plaintiffs the said land claimed and occupied by them; and that the said defendant, as to plaintiffs' said suit herein, go hence without day, and that defendant recover of and from the said W. H. McCurdy and N. H. Daniels, plaintiffs," and their sureties, all costs, etc.

From this judgment the plaintiffs have appealed.

The verdict of the jury is not explicit as to where they locate the north line of the Fessenden, whether it is where the plaintiffs claim it or where the defendant claims it. The verdict adds no calls to the calls as given in the field notes of the survey that will certainly enlighten us upon this subject. The verdict adopts the call in the Fessenden as its beginning corner, that is, the northwest corner of the Lively survey, witnessed by two live oaks, and then runs the course and distance as called in the Fessenden survey to its northwest corner in the prairie. It then runs the course and ·distance, crossing a creek, as called in the Fessenden, to its southwest corner, identifying it by the two live oak bearing trees called for in the original survey. The evidence does show that there are two live oak trees on the ground (twin trees nearly answering to the call in the original field notes) where plaintiffs claim the corner to be; the trees are too young, however, and are not marked at all. If these are the trees intended by the verdict as locating the northeast corner, then the line run from this point as stated in the verdict would fix the boundary where plaintiffs contend it is. We can not be certain that this was the conclusion of the jury, because there is testimony tending to show that the southwest corner is identified by the bearing tree marked D where the defendant says it is. From the entire verdict, we think it does nothing more, and intends nothing more, than to adopt the field notes as given in the Fessenden survey, without finding any known point or line.

At all events, the verdict does not authorize a judgment for defendant establishing the line of the Hawkins and the Fessenden where he contends it is; and the judgment, if it does so, is incorrect.

We do not pretend that it may not be so established, but only that the verdict does not so locate it. Had the verdict so located it, there would be an end of the controversy, as the plaintiffs could not recover any land on the Hawkins survey, and there would be no necessity to notice the finding on defendant's plea of limitation.

The court's charge should have directed the jury, that if they found the line where defendant claimed it, to so declare, and to identify it by some known object, if the evidence furnished it. The same character of charge should have been given in case the line was found to be where plaintiffs claimed it, and, as we will hereafter see, such finding would have determined the suit.

There is no question of limitation in the case, and, as insisted by ap-

pellants, no such issue should have been submitted to the jury. The deed read in evidence by defendant as a basis for his plea of limitation under the five years statute purports to convey a part of the Hawkins survey, and calls for no external objects that could place the survey outside the Hawkins. It would not authorize a recovery under the five years statute of any part of the Fessenden, wherever it proves to be. Possession and payment of taxes could only *mature the deed* into a good title; it could not amend the description of the land or apply the deed to other land.

In this respect, the same question is raised in this case as in the case of these plaintiffs, McCurdy & Daniels, against Locker, ante, p. 220, to which we refer.

We are of opinion that the judgment of the court below should be reversed and the cause remanded; and it is so ordered.

*Reversed and remanded.*

Delivered January 18, 1893.