JOHN DILLINGHAM ET AL. v. J. W. SMITH.

Decided November 26, 1902.

**1.—Boundary Fixed by Judgment—Evidence to Identify—Ambiguities.**

To determine the location of a boundary line, as fixed by a judgment, evidence is admissible to show the actual location on the ground of the boundaries so fixed, and to explain ambiguities in such judgment disclosed by attempting to locate the lines in accordance with it.

**2.—Same—Verdict—Judgment—Survey to Determine.**

The judgment on a verdict fixing a boundary must depend on and follow the verdict, which can not be added to or varied by a supplemental survey made under order of the court between verdict and judgment.

**3.—Boundary—Verdict—Ambiguity—Rendering Judgment.**

Where a verdict attempting to fix the location of a boundary line presents an ambiguity making it impossible to render a judgment which can determine the actual line in accordance with the terms of such verdict, judgment, on reversal, can not be rendered upon it, but the case will be remanded for trial.

Appeal from the District Court of Coryell County. Tried below before Hon. W. J. Oxford.

*Stinnett Brothers* and *M. S. Duffie,* for appellants.

*Sadler & Arnold,* for appellee.

STREETMAN, ASSOCIATE JUSTICE.—Appellee brought this suit in the form of an action of trespass to try title to recover part of the John Dix survey. He alleged that he was the owner of the entire John Dix survey, and described it according to the field notes in the patent; and further alleged that in a former suit in the same court, No. 2280, in which the plaintiff in this suit was defendant and one of the defendants in this suit was plaintiff, a judgment had been rendered changing the north line of the John Dix as fixed by the patent and establishing said

north line. That after said judgment the defendant had taken possession of a portion of said John Dix survey south of its said north boundary, being a triangular piece of land: Beginning at the N. E. corner of the Dix survey as fixed by said judgment; thence S. 19 W., 56 vrs. with the east line of the Dix survey; thence in a straight line to the original N. W. corner of the Dix; thence S. 71 E. 6406 vrs., with the northern line of the Dix as fixed by said judgment, to the place of beginning. Plaintiff sued for this triangle.

It was agreed that this was a suit simply to establish the north line of the John Dix survey, and that plaintiff owned the land south of said line, and defendants the land north of said line.

The judgment in the former case, No. 2280, which was introduced in evidence, fixed the north line of the Dix survey as follows: "That John Dillingham do have and recover of and from the defendant, J. W. Smith, all that part of the G. H. & H. R. R. Co., 640 acre survey being north of the north line of the John Dix survey as established by D. A. Hammack about the year 1875, said line being more particularly designated and described as the north boundary line of the John Dix survey, and established as follows, to wit: Beginning at the N. W. corner of the original John Dix survey, which corner is evidenced by a stone mound from which a L. O. 8 inches in diameter marked P bears N. 21 W. 6 vrs., a black jack marked H bears S. 37 E. 12 vrs. Thence S. 71 E., with the original north line of John Dix, 6406 vrs. a stone mound for N. E. corner, from which the original S. E. corner of the Jno. Dix, which is a tied and fixed corner, brs. S. 19 W., 3224 vrs., being a line 13 varas longer than called for in the patent, said line as thus established and running from the N. W. corner of said Dix survey, being marked as follows: S. 71 E. about 1¾ miles from said N. W. corner stands a large elm tree marked on the south side, about 1 vrs. north of said line, said tree standing on the bank of what is known as Soldier's branch, and about 88 vrs. from said N. W. corner as above fixed stands a fore and aft tree, same being a forked L. O."

After this judgment was introduced, plaintiff offered the testimony of F. M. Long and others, to show that since the rendition of the judgment in cause No. 2280 they had run the east boundary line of the Dix survey. That to begin at the southeast corner of the Dix survey and run north 19 east 3224 varas, in accordance with said judgment, would reach a point 64 varas north 19 east from Dillingham's fence. The witnesses also testified that they knew the southeast corner of the Dix, that it is "a tied corner, fixed by a rock pile and live oak tree. The tree is a proper distance but reverse call."

Defendants objected to this evidence (1), because the east line of the Dix was not in controversy in said cause No. 2280, and was not settled by said judgment; (2) because the southeast corner as located by said witnesses did not correspond with the call in the patent for that corner, the call for the bearing tree being reversed; (3) because the call in the judgment for a line "3224 varas being 13 varas longer than called for

in the patent," presented a patent ambiguity, the call in the patent for this line being 3200 varas.

We think the evidence was properly admitted. It was shown that the judgment as first entered called for a line 3213 varas long, which would have been in fact 13 varas longer than the call in the patent, but that this was admitted to be a mistake and by agreement 3224 was written in place of 3213, but the statement that this was 13 varas longer than the call in the patent was not changed.

It also appears from all the evidence in this case that there is really no controversy as to the true location of the southeast corner of the Dix survey. It is true that the call in the patent for the bearing tree is reversed, but all of the witnesses agree as to the location of the corner, and is seems to have been established and recognized for some time prior to the judgment in cause No. 2280. The court, therefore, in rendering that judgment assumed that it had a definite and recognized location, and undertook to fix the northeast corner by its direction and distance from the southeast corner; and, having done so, it was proper in this case to show that the course and distance from the southeast corner as given in the judgment would locate the northeast corner in accordance with the contention of plaintiff.

The jury in this case returned the following verdict: "We the jury find for the plaintiff, and find the north line of the Jno. Dix survey as fixed in the decree to be located as follows: Beginning at the N. W. corner Jno. Dix survey, thence S. 71 E. in a straight line so as to pass about 1 vara south of elm tree on Soldier's branch to a point on east line 3200 vrs. N. 19 E. from S. E. corner of said survey."

The verdict was received, but afterwards the court appointed a surveyor, J. W. Caufield, to go upon the ground and locate the northeast corner of the John Dix survey, as found by this verdict. He was ordered "to begin at the S. E. corner of the John Dix survey and run N. 19 E. on east line of said survey 3200 vrs., at which place he will put down and establish the N. E. corner of the John Dix survey." He has then to run a straight line from this northeast corner to a point one vara south of the elm tree on Soldier's branch, named in the verdict. The order did not require him to proceed from this point on to the northwest corner. The surveyor accordingly made a survey and reported, and the judgment, after reciting these proceedings, is as follows:

"It is further ordered, adjudged, and decreed by the court in accordance with the verdict of the jury herein, and the report of the survey made upon the ground herein, that the true north boundary line of the John Dix be and the same is established as follows: Beginning at the original S. E. corner of the John Dix survey in Coryell County, Texas, as same is defined in the report of survey above mentioned; thence N. 19 E. at 3200 vrs., according to the calls made in said report, to a stone set in ground, from which another stone marked X, buried, bears S. 60

W. 10 vrs., also a branch bears N. 19 E. 48 vrs.; thence from the said corner N. 71° 19' W. at 500 vrs. set a cedar stake, at 1000 vrs. set a cedar stake, at 1500 vrs. set a cedar stake, at 2000 vrs. set a stake, at 2500 vrs. set a stake, at 3186 about 1 vara south of an elm tree on Soldier's branch as called for in verdict of jury, and thence to the N. W. corner of the John Dix survey in a straight line, said N. W. being the S. W. corner of the Perehouse survey, from which a live oak marked P bears 221 W. 6 vrs., and a blackjack marked H bears S. 37 E. 12 vrs."

It is objected by appellants that the appointment of a surveyor after verdict, and entering a judgment based upon his survey, was entirely unauthorized by law, and we must agree with his contention. If the verdict was not sufficiently certain to fix the rights of the parties, it should have been set aside, but it could not be supplemented by any facts ascertained by the surveyor. Where the trial is before a jury their verdict alone must form the basis for the judgment. The court can not go beyond their findings, even though the evidence may be uncontroverted upon the issue. Railway v. Addison, 5 Texas Ct. Rep., 849; Ablowich v. Bank, 4 Texas Ct. Rep., 394, 67 S. W. Rep., 79.

Appellant and appellee, in anticipation that the case might be reversed on this ground, each insist that this court should render the judgment which should have been rendered by the lower court; but they differ as to the judgment which should have been rendered.

The verdict requires the north line of the Dix to pass through three points, as follows: (1) The northwest corner of the Dix survey; (2) a point one vara south of the elm tree on Soldier's branch; (3) a point 3200 varas north 19 east from the southeast corner of the Dix survey. It appears from the record that these three points can be definitely located on the ground, and if this were all of the verdict, there would be no difficulty; but it requires, in addition, that the north line shall be "a straight line" passing through those three points; and the three points are not in a straight line. The verdict, therefore, requires a physical impossibility.

This being the condition of the record, appellants insist that we should begin at the northwest corner, as called for, and run a straight line through the point one vara south of the elm tree, and continue in the same direction to intersect the east line, which would reach a point less than 3200 varas from the southeast corner.

Appellees insist that the line should run from the northwest corner to the point one vara south of the elm tree, and thence to a point north 19 east, 3200 varas from the southeast corner, which would make a crooked, instead of a straight line.

To render a judgment in accordance with either contention, it is necessary to disregard either the call for the northeast corner or the call for a straight line.

If it were a case in which we were called upon to construe a deed containing inconsistent calls, we might be able to do so under the rules of law established for that purpose, but we do not feel authorized to

apply those rules so as to render a judgment on a verdict of a jury. Appellants have as much right to insist that the line shall be straight as appellees have to require that it shall pass through the points named, and as both requirements can not be met, it follows that the verdict of the jury is too uncertain to form the basis of a judgment.

If we were to render any judgment fixing the line, we would be obliged to follow literally the language of the verdict; and to render such a judgment would settle nothing. This suit seems to have been necessary because of the uncertainty of the judgment in a former suit, and to render a judgment on the verdict in this record would only necessitate another suit to settle the same question. As said by the court in Jones v. Andrews, 72 Texas, 5, we would have a judgment that could not be intelligently enforced. To enforce the judgment rendered the sheriff would have to arbitrarily select and locate the land. Reed v. Cavitt, 20 S. W. Rep., 837.

In order that the issue may be definitely settled, it is necessary that the judgment be reversed and the cause remanded.

*Reversed and remanded.*