JOHNSON et al. v. GARY.

(Court of Civil Appeals of Texas. Texarkana. May 8, 1913.)

1. JUDGMENT (§ 256*)—CONFORMITY TO VERDICT.

The judgment must follow the verdict.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. § 256.*]

2. JUDGMENT (§ 256*)—VERDICT.

The verdict fixing the boundary in trespass to try title should definitely locate the boundary line, and a verdict which merely recited that the jury "find a verdict for plaintiff" was insufficient to support a judgment for plaintiff definitely describing the boundaries as described in the petition.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. § 256.*]

Appeal from District Court, Panola County; W. C. Buford, Judge.

Suit by Jim Gary against F. O. Johnson and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Brooke & Woolworth, of Carthage, and Stephen Chamness, of Timpson, for appellants. H. N. Nelson and W. R. Anderson, both of Carthage, for appellee.

LEVY, J. The suit is in the form of trespass to try title, but its real purpose was to fix and determine, and the right of the whole case depends on, the boundary lines between the Jonathan Thorp survey of 282 acres and the Jesse Smith survey of 312 acres of land. Appellee owns the Thorp survey, and the appellants are the owners of the Smith survey, a junior location. The jury returned the following verdict: "We, the jury, find the verdict for plaintiff." Judgment was entered for the plaintiff for the title and possession of the land sued for, describing it exactly as it is described in the petition, being: "Commencing at the N. W. corner of the above survey (Thorp); thence S. 45° E. 1,874 vrs., or to the S. W. cor. of said Thorp survey; thence N. 45° E. 300 vrs.; thence N. 45° W. 1,874 vrs. to the north line of the said survey; thence S. 45° W. 300 vrs. to the beginning." The judgment also directs writ of possession.

[1, 2] The second assignment is to the point that the judgment and verdict do not determine the locality of the boundary line between the two surveys. The case of Reed v. Cavitt, 1 Tex. Civ. App. 154, 20 S. W. 837, is precisely in point and governs the appeal. See, also, Merrell v. Kenney, 45 S. W. 423; McCurdy v. Bullock, 2 Tex. Civ. App. 223, 20 S. W. 1110. It is the rule that the judgment must follow the verdict, and the verdict fixing the boundary should definitely locate the line. We express no opinion on the facts of the case.

We feel constrained to reverse the judgment and remand the cause upon the grounds of the second assignment.