GOVERNMENT HILL CO. v. MUNDY et al.

(Court of Civil Appeals of Texas. El Paso. March 19, 1914.)

1. TRESPASS TO TRY TITLE (§ 47*)—VERDICT—SUFFICIENCY.

In trespass to try title, where the description in the petition failed to locate the corner which was the beginning point of the description with reference to any monument, and the defendant disclaimed title to the land embraced in plaintiff's survey, but definitely fixed the corner by reference to known monuments, a verdict finding for the plaintiff for the land sued for was insufficient to form the basis of a judgment.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 69–71; Dec. Dig. § 47.*]

2. TRESPASS TO TRY TITLE (§ 47*)—JUDGMENT—CONFORMITY TO VERDICT.

In such a case the trial court could not by its judgment fix the disputed corner, after referring to the evidence, since that would be to determine the fact in issue, and which should have been determined by the jury.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 69–71; Dec. Dig. § 47.*]

3. TRESPASS TO TRY TITLE (§ 47*)—JUDGMENT—CONFORMITY TO VERDICT.

Nor could the court fix the corner by referring to the description contained in the answer, since the verdict was for what the plaintiff sued for, without reference to the claim of the defendant.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 69–71; Dec. Dig. § 47.*]

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Action by the Government Hill Company against J. J. Mundy and others. From an amended judgment entered by the court upon a verdict for the plaintiff, the plaintiff appeals. Reversed and remanded.

Patterson, Buckler & Woodson and Peyton F. Edwards, all of El Paso, for appellant. T. A. Falvey and Goldstein & Miller, all of El Paso, for appellees.

HIGGINS, J. Appellant brought this suit in trespass to try title to recover certain premises in El Paso county described as follows: "Beginning at a point in the west line of survey No. 274 (patented to Valentine and Johnathan H. Winters, as assignees of Peter U. Pridham, by patent No. 589, vol. 8, dated June 1, 1875, recorded in Book F, at page 283), 2,003 varas southerly from the northwest corner of said survey No. 274; thence southerly 50 varas to the northwest corner of survey No. 6; thence east with the north line of said survey No. 6 672 varas to the northeast corner of the same; thence north with the west line of survey No. 7 (for E. R. Tally, certificate No. 23) 269 varas to the northwest corner of said survey No. 7; thence east 672 varas with the north line of said survey No. 7 to the northeast corner of said survey No. 7 on the west line of survey No. 8; thence north with the west line of survey No. 8 245 varas to the northwest corner of said survey No. 8; thence east 672 varas with the north line of said survey No. 8 to the northeast corner of the same; thence north 50 varas; thence west at right angles 712 varas; thence south at right angles 245 varas; thence west at right angles 672 varas; thence south at right angles 269

---

varas; thence west at right angles 632 varas to the place of beginning."

Defendants filed disclaimer and answer as follows: "Defendants say that there is, as applied on the ground, an irreconcilable conflict between the parts and elements of description, in said original petition, of the land sued for, but that, as to all land, if any, in said petition described, other than that to which these defendants hereinafter plead not guilty, said defendants disclaim and deny having claimed or held at any time possession or right thereto or title, or laid or laying claim adverse to title and right of plaintiff, or having interrupted the possession of plaintiff as to that part of the lands described in original petition, which part is described as follows, to wit: Beginning at the N. W. corner of city cemetery of the city of El Paso and of the fence around same, and running W. therefrom a perpendicular of four feet on and to the E. boundary line of the J. W. Cummings survey No. 2 in El Paso county, Tex., and thence N. with said E. boundary line 153 feet to a mound of stone set in cement, the point of beginning of boundary of said part of tract sued for, said mound being the true northwest corner of Edmund Talley survey No. 6, El Paso county, Tex.; thence E. 672 varas to pine post 12" diam., 1 ft. above 3 ft. in ground, in W. line of R. Tally survey No. 7 in said county, which post is the monument of N. E. corner of said survey No. 6; thence N. 269 vrs. to rock and mortar mound in said W. boundary line, the true N. W. corner of said survey No. 7; thence E. 672 varas to rock and mortar mound in W. line of boundary of F. Neve survey No. 8 in said county, marking the true N. E. corner of said survey No. 7; thence N. with said last W. line 245 varas to rock and mortar mound, the true N. W. corner of said survey, F. Neve No. 8; thence E. 672 varas to E. boundary line of said last survey and of Peter U. Pridham survey No. 274, a rock and mortar mound monument, marking N. E. corner of F. Neve survey No. 8 (defendants resisting the claim of plaintiff to all land described in petition south and east of said above lines); thence S. to eastern end of most eastern south boundary line of tract sued for; thence W. 672 varas at right angles; thence S. at right angles 245 varas; thence W. at right angles 672 varas; thence S. at right angles to place of beginning. As to said part as aforesaid defendants say they are not guilty, and defend the wrongs and trespasses charged by plaintiff, and as to said part defendants deny all and singular the allegations of plaintiff's petition, resisting and denying the claim of plaintiff south of true northern boundaries of said surveys Nos. 6, 7, and 8."

Plaintiff had title to the Peter Pridham survey No. 274, lying immediately to the north of and adjoining E. R. Talley surveys 6 and 7, and F. Neve survey No. 8, owned by defendants.

The question involved was one of boundary; the issue being whether the premises in controversy were situate in the Pridham survey or in the Talley-Neve surveys 6, 7, and 8.

The Pridham survey is described in patent as: "Beginning at a large rock, the northwest corner of survey No. 6 for E. R. Talley, H. R. certificate No. 23; thence east with the north line of said survey 672 varas to the northeast corner of same; thence north with west line of survey No. 7 for E. R. Talley certificate No. 23 at 269 varas northwest corner of said survey No. 7, a stake; thence east 672 varas with the north line of said survey No. 7 to a stake at the northeast corner of said survey No. 7 on the west line of survey No. 8; thence north with the west line of survey No. 8 (for F. Neve) 245 varas to the northwest corner of said survey No. 8, a stake; thence east 672 varas with the north line of survey No. 8 a stake for the northeast corner of same; thence north 1,539 varas to a stake for the northeast corner of this survey, No. 274; thence west 2,016 varas to a stake for the northwest corner of this survey on the east line of survey No. 2; thence south 2,053 varas with the east boundary line of the J. W. Cummings (No. 2), to the place of beginning."

Talley survey No. 6 is described as beginning at southeast corner of survey No. 1 on bank of river; "thence north 2,688 varas to a rock mound; thence east 672 varas to a rock mound; thence south," etc.

No. 7 begins at southeast corner of 6; "thence north 2,957 varas to rock mound; thence east 672 varas to rock mound; thence south," etc.

No. 8 begins at southeast corner of No. 7; "thence north 2,662 varas to rock mound; thence west 672 varas to rock mound; thence south," etc.

From the statement made it is seen that the Pridham south line is coincident with the north line of surveys, 6, 7, and 8, and that the location of this dividing line is the point at issue between the parties. It is further readily apparent that the location of the dividing line is dependent upon the location of the northwest corner of No. 6. Finding this corner solves the whole controversy. Upon trial before a jury, a general verdict was rendered in favor of plaintiff "for the land sued for."

Judgment was entered in the cause in favor of plaintiff; the same description being given of the land as was contained in plaintiff's pleadings, with the interpolation that the northwest corner of survey No. 6 was "the southwest corner of said Pridham survey No. 274, and being, as alleged in defendants' answer, 4 feet west from the northwest corner of the city cemetery." This interpolation was made at end of the call

"thence southerly 50 varas to the northwest corner of survey No. 6," and manifestly was made for the purpose of definitely locating the northwest corner of survey 6 with reference to the northwest corner of the cemetery.

Defendants filed motion for new trial, setting up that: "(a) The verdict was unsupported by and against the overwhelming weight of the evidence; (b) the court erred in its charge to the jury; and (c) that the judgment, as rendered in this cause, is not supported by, and in accordance with, the verdict of the jury entered herein for this; said verdict being as follows: 'We, the jury, in the case numbered 6052, find for the plaintiff for the land sued for.' And these defendants show to the court that the land sued for embraced a strip of land only fifty (50) varas wide; beginning at a point on the west boundary of the Pridham survey, 2,003 varas south from the northwest corner of said Pridham survey, which beginning point these defendants show the court was conclusively shown by the evidence to be fifty (50) varas plus seventy-three (73) from the northwest corner of the cemetery, and hence the strip of land sued for lacked eighty feet (80) reaching to the northwest corner of the cemetery, and, under plaintiff's own pleading, they were not entitled to any land lying south of said point eighty (80) ——— north of the northwest corner of the cemetery; but they show to the court that the judgment entered herein decrees to plaintiff all land lying south of said point, located as above stated, eighty (80) ——— north of the northwest corner of the cemetery, thus embracing a strip of land eighty feet (80) wide not sued for, and to that extent the judgment of the court is contrary to the verdict entered in this cause, and unsupported by the pleadings, and for which reasons they pray the court that the judgment entered on the verdict of the jury be set aside."

The motion was overruled, but the original judgment entered was reformed and amended, so as to give plaintiff judgment for the following premises: "Beginning at a point on the west line of survey No. 274 (patented to Valentine and Johnathan H. Winters, as assignees of Peter U. Pridham, patent No. 589, vol. 8, dated June 1, 1875, recorded in Book F, p. 283) 2,003 varas southerly from the northwest corner of said survey No. 274, which beginning point is north 23 varas from a rock and mortar monument, claimed by the defendants in their pleadings as the northwest corner of survey No. 6, and which said monument is 153 feet northerly from the northwest corner of the fence around the city cemetery of the city of El Paso, El Paso county, Tex.; thence from the point so established as the beginning point of the land sued for, southerly 50 varas to the northwest corner of survey No. 6; thence east with the north line of said

survey No. 6," etc., (following the description given in the petition back to the beginning). This reformation doubtless was based upon paragraph of motion for new trial, quoted above.

Plaintiff thereupon filed motion to set aside the amended judgment, which being overruled, it prosecutes this appeal.

[1] The verdict rendered in this case settled nothing, and was wholly insufficient as the basis of a judgment which would settle the boundary issue. Jones v. Andrews, 72 Tex. 5, 9 S. W. 170; Reed v. Cavett, 1 Tex. Civ. App. 154, 20 S. W. 837; Edwards v. Smith, 71 Tex. 156, 9 S. W. 77; Merrell v. Kenney, 45 S. W. 423; Bank v. Webb, 128 S. W. 426; Wilhelm v. Baumann, 133 S. W. 292; Johnson v. Gary, 157 S. W. 237; Best v. Splawn, 33 S. W. 1005; Bailey v. Baker, 42 S. W. 124.

It is a general one in plaintiff's favor "for the land sued for," and, upon reference to the plaintiff's pleadings to ascertain what was found in its favor, we find a description that refers to no known and fixed object by which the premises can be located with accuracy. The description in plaintiff's petition fixed the beginning point of the land sued for 2,003 varas southerly from the northwest corner of the Pridham survey No. 274, without naming any definite object which would identify said corner, and then followed with the call "thence southerly 50 varas to the northwest corner of survey No. 6," without naming any object by which such corner could be identified. The calls for the lines and corners of 7 and 8 do not aid the insufficiency in any way, and there is no definite, fixed object named in the petition by which the land sued for can be accurately and certainly located upon the ground. It is necessary only to refer to the authorities noted above to show its insufficiency. Further discussion of the subject would be without profit.

[2] The trial court, doubtless realizing the state of affairs, undertook to remedy the situation in its judgment, by locating the northwest corner of 6 with reference to objects upon the ground, viz., rock and mortar monument, and corner of city cemetery fence. The location of this corner was the very point in issue. It is the province of the jury to find the facts, and of the court to render judgment upon their findings. The verdict alone must constitute the basis of the judgment and the court is wholly without authority to go beyond the verdict and look to the evidence to determine what judgment to render, and it matters not how conclusive the evidence may be upon any particular issue. The verdict of the jury having failed to locate the disputed corner and line, or furnish data by which it might be made certain, the court was without authority to resort to the evidence to supply the defect. Bennett v. Seabright, 32 S. W. 1048; Brient v.

Bruce, 5 Tex. Civ. App. 580, 24 S. W. 35; Mc-Curdy v. Bullock, 2 Tex. Civ. App. 223, 20 S. W. 1110; Smith v. Tucker, 25 Tex. 594; Claiborne v. Tanner, 18 Tex. 69; Akin v. Jefferson, 65 Tex. 137; Curlee v. Rogan, 136 S. W. 1126; Williams v. Smith, 98 S. W. 916; Mays v. Lewis, 4 Tex. 38; Clendenning v. Matthews, 1 White & W. Civ. Cas. Ct. App. §§ 904, 907; Crosson v. Dwyer, 9 Tex. Civ. App. 482, 30 S. W. 929; Thompson v. Albright, 14 S. W. 1020. For reason indicated the cause must be reversed.

[3] Appellant asks that it be rendered in its favor upon the jury's verdict, and that the northwest corner of survey 6 be fixed at the point, "as alleged in defendants' answer, 4 feet west from northwest corner of the city cemetery," upon the theory that the insufficiency of the description contained in the petition might be aided by that contained in the answer, which, it is contended, fixes such corner at the point indicated. We do not so understand the description of the answer; it fixes the corner at a mound of stone set in cement 153 feet north of the point 4 feet west of the northwest corner of cemetery. Furthermore, the jury's finding is with reference to what plaintiff sued for, and not according to any claim of the defendants.

By cross-assignment appellees submit that, under the pleadings of plaintiff and defendants and the evidence, the verdict of the jury and judgment of the court should have been for the defendants for the land described in the answer of said defendants, and ask judgment for the land claimed in their answer, and, in the alternative, that the cause be affirmed. What has been said above with regard to the authority of the court to go beyond the verdict and look to the evidence for the proper judgment to render likewise disposes of the cross-assignment, since it is predicated upon the theory that the court has such a right.

Reversed and remanded.