GOOD v. SMITH. (No. 326.)

(Court of. Civil Appeals of Texas. El Paso. Oct. 22, 1914.)

1. JUDGMENT (§ 256*)—VERDICT AS BASIS FOR JUDGMENT.

A verdict is the proper basis of a judgment, and on trial by jury the court has no power to enter judgment upon facts well pleaded and indisputably proven, unless the issue has been found by the verdict in favor of the party for whom the judgment is rendered.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. § 256.*]

2. JUDGMENT (§ 256*)—CONFORMITY TO VERDICT OR FINDINGS.

In an action for subrogation and to foreclose a lien, defendant's failure to deny specifically under oath facts pleaded in support of the lien at most furnishes only a basis for dispensing with a specific finding in the verdict as to the lien, and a judgment of foreclosure is erroneous if the facts so pleaded do not sustain the lien.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. § 256.*]

3. SUBROGATION (§ 23*)—WHEN ALLOWED.

Where defendant, who sold a one-half interest in a ranch, agreed with the purchaser that the cash payment should be applied in satisfaction of a mortgage, and the purchaser deposited the money to defendant's credit, and it was by the bank, the mortgagee, applied to the satisfaction of the incumbrance, the purchaser, upon rescission of the contract on other grounds, is not entitled to be subrogated to the bank's rights; it being the defendant's money, and not his, that was applied to the debt.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 60–66; Dec. Dig. § 23.*]

4. SUBROGATION (§ 23*)—WHEN ALLOWED.

Where the seller of an interest in a ranch agreed with the purchaser that the cash payment should be used to extinguish a mortgage, and it was so used, the purchaser, upon rescinding the contract on other grounds, is not entitled to subrogation to any rights in the mortgage, which had been discharged with his consent.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 60–66; Dec. Dig. § 23.*]

Appeal from District Court, Midland County; S. J. Isaacks, Judge.

Action by J. P. Smith against E. C. Good. From a judgment for plaintiff, defendant appeals. Reformed and affirmed.

John B. Howard, of Pecos, and Anderson & Anderson, of Midland, for appellant. J. M. Caldwell, of Midland, for appellee.

HIGGINS, J. Smith sued Good, in substance alleging that he entered into a contract with Good whereby the latter agreed to convey and deliver to him a half interest in a ranch, together with certain horses, mules, and cattle thereon ranging, in consideration whereof he paid Good $5,000 cash and agreed to pay $20,000 more; that Good represented said property to be unincumbered, save as to 150 calves, 50 horses, and 4 mules, upon which there was a mortgage for $3,110 in favor of the Midland National Bank; that he (plaintiff) insisted that a sufficient amount of the cash payment should be applied to the extinguishment of such note, and the bank was instructed by Good to so apply a sufficient amount of such payment; that plaintiff in accordance with his agreement placed the money in said Midland National Bank to Good's credit, and thereupon, according to the instructions given by defendant and defendant's agreement with plaintiff, the same was applied to the extinguishment of said note, so far as the bank was concerned; that defendant breached his contract to convey, and failed to make good his guaranty that the property was free of incumbrance, as represented, the fact being that there were incumbrances other than the one to said bank; that said representations with reference to the extent of incumbrances upon said property were falsely and fraudulently made; that plaintiff relied thereon, and was thereby induced to enter into said contract and pay said $5,000; that at the instance of Good and under his instructions, and with the knowledge of all parties and upon agreement between plaintiff and defendant, a sufficient amount of the $5,000, as soon as paid in by plaintiff, was applied by the bank to the extinguishment, so far as the bank was concerned, of said $3,110 note; that by virtue of payment being so made by consent upon said false representations, and the fact that, had the contract been valid, as it was supposed to be, and not tainted with fraud, the plaintiff would have had to pay same for the purpose of freeing the property from incumbrance, and since the contract could not be performed, plaintiff by said payment became subrogated to the lien of the bank. Judgment was prayed for recovery of said $5,000, and for subrogation and foreclosure of the mortgage lien upon said calves, horses, and mules.

A verdict was returned in Smith's favor for $5,000, upon which the court rendered judgment, together with subrogation and foreclosure of the lien claimed upon the calves, horses, and mules. It is assigned as error that the verdict and judgment is unsupported by the evidence. We will not discuss the evidence, and it is sufficient to say that the verdict is amply supported by the evidence, and the judgment will not be disturbed, in so far as it relates to the recovery .of the $5,000 in controversy.

[1, 2] Under other assignments complaint is made of that portion of the judgment decreeing a subrogation and foreclosure of lien. In support of this decree it is first contended by appellee that it was properly entered, because appellant did not specially deny under oath the fraudulent acts pleaded in support of his asserted right of subrogation. The verdict is the proper basis of a judgment, and on trial by jury the court has no power to enter judgment upon facts well pleaded and indisputably proven, unless the issue presented and proven has been

found by the verdict in favor of the party for whom the judgment is rendered. Government Hill Co. v. J. J. Mundy, 165 S. W. 78, and cases there cited. And this principle has been applied in case of lien foreclosure, it being held that the verdict must contain a specific finding upon which foreclosure may rest. Ablowich v. Bank, 95 Tex. 429, 67 S. W. 79, 881; Hines v. Shafer, 74 S. W. 562. At most, a failure to deny specifically under oath, as is now required, facts pleaded in support of an asserted lien, might dispense with the necessity of a specific finding in the verdict with respect to the lien, upon the theory that such facts are not in issue and are in effect admitted of record. Whether it should be so held it is unnecessary for us to determine, and we express no opinion in respect thereto. But if the facts thus pleaded, and undenied, in law fail to show the existence of a lien, manifestly a decree of foreclosure based upon such failure to deny would be improper. So, in the instant case, Good's failure to deny under oath the allegations upon which the decree of foreclosure is based would not authorize the entry of such decree, if such allegations, as a matter of law, are insufficient to show a right of subrogation.

[3] In support of the right, appellee submits the proposition that a party who has paid a debt at the request of the debtor, and under circumstances which would operate as a fraud upon him if the debtor were afterwards allowed to insist that the security for the debt was discharged by his payment, may be subrogated to the security as against the debtor. Sheld. Subr. (2d Ed.) par. 247; Oury v. Saunders, 77 Tex. 278, 13 S. W. 1030; Park v. Kribs, 24 Tex. Civ. App. 650, 60 S. W. 905; Young v. Pecos County, 46 Tex. Civ. App. 319, 101 S. W. 1055; Newell v. Hadley, 206 Mass. 335, 92 N. E. 507, 29 L. R. A. (N. S.) 908. But the pleadings here disclose Smith did not pay the debt. He deposited the money in the Midland Bank to the account of Good, and it became Good's money, and Good's money paid the debt to the bank. Smith did not pay it. So the facts pleaded in this respect do not fall within the principle invoked.

[4] Furthermore, it is averred that by consent of all parties the money was paid to the bank, with the intention that the note should be paid and the lien extinguished, and while the principle of subrogation is very wide in its scope, it is believed it should never be applied in a case where, at the time of payment, it was the express intention of the party asserting the right that the lien should be extinguished. To hold that it was not extinguished, and that there was an equitable assignment to him would be contrary to his express intention and purpose, and contrary to the fundamental principles upon which the doctrine rests.

For the reasons indicated, the decree of foreclosure was improperly entered, and the judgment will be reformed so as to conform simply to the verdict rendered in Smith's favor, and, as reformed, will be affirmed.

Reformed and affirmed.