FRICK et al. v. GIDDINGS et al.    (No. 7424.)

(Court of Civil Appeals of Texas.    Galveston. June 19, 1917.)

1. APPEAL AND ERROR ⬦544(1)—REVIEW— INSUFFICIENT RECORD.

There being no statement of facts with the record, nor bills of exceptions therein, assignments complaining of findings of fact of the trial court, or the refusal of said court to find facts requested, cannot be reviewed.

2. APPEAL AND ERROR ⬦223—FUNDAMENTAL ERROR—VOID DECREE.

If the plaintiffs have described in their petition and sued for one tract of land, and the judgment decreed to them another different tract, the decree would be void; and if the record discloses such condition, it would disclose fundamental error, which may be complained of for the first time on appeal.

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. JUDGMENT ☞248—CONFORMITY TO PLEAD-
INGS—EVIDENCE.

In an action for title to land, *held*, that description given in petition and that given in the judgment described one and the same tract of land, and that the judgment was not void.

4. JUDGMENT ☞248—CONFORMITY TO PLEAD-
ING—DESCRIPTION OF LAND.

The description in a judgment, sufficient to identify the land as that described in the petition, is sufficient; and a more comprehensive description in the judgment than that given in the petition does not render the judgment void.

5. APPEAL AND ERROR ☞907(3)—ABSENCE OF
STATEMENT OF FACT—PRESUMPTION.

In the absence of a statement of facts, it will be presumed on appeal that the evidence supported the court's findings.

6. APPEAL AND ERROR ☞265(1)—EXCEPTIONS
TO FINDINGS—NECESSITY.

Where plaintiffs reserved no exception to the court's findings, this court is not called upon to consider complaints made of such findings in the motion for new trial.

Error from District Court, Harris County; Charles E. Ashe, Judge.

Suit by D. C. Giddings, in his own behalf as executor of the estate of D. C. Giddings. deceased, and as next friend and trustee for Mabel Wilkins and others, minors, against Joseph Frick and another. Judgment for plaintiffs, and defendants bring error. Affirmed.

A. F. Sundermeyer, of Houston, for plaintiffs in error. Campbell, Myer, Myer & Freeman, of Houston, for defendants in error.

LANE, J. This suit was instituted by D. C. Giddings, in his own behalf, as executor of the estate of D. C. Giddings, deceased, and as next friend and trustee for Mabel, Marion, and Lillian Wilkins, minors, against Joseph Frick and A. F. Sundermeyer, for title to 55.1 acres of land situated in Harris county, Tex.

It is alleged in plaintiffs' petition: That they are the joint owners of 55.1 acres of land, situated about 15 miles north from the city of Houston, and being out of and a part of the Washington County Railroad Company section No. 23, block 4; said tract being described by metes and bounds as follows:

"Beginning at a point in the east line of Washington County R. R. Sec. No. 23, block 4, same being 1,900 varas south of and 1,520 varas west of the N. E. corner of the J. B. Sanders survey, in the west line of the old abandoned Richardson survey, said point being a stake in the center of the North fork of Green's bayou; thence west 1,259 varas, along fence and a partially constructed fence, to its N. W. corner; thence south 263 varas, along fence, to the south line of section 23, Washington County R. R. survey, block 4, said point being the S. W. corner of the tract of land here described; thence east, along the fence erected on the south line of Sec. 23, 1,259 varas, to the S. E. corner of an old fence, being the S. E. corner of said section 23, Washington Co. R. R. survey, block 4; thence north along said old down fence, being the east line of said section 23, 263 varas, to the place of beginning."

That on or about the 1st day of January, 1913, the defendants unlawfully entered upon

said premises and ejected the plaintiffs therefrom, and unlawfully withheld from them the possession thereof, to their damage in the sum of $3,000.

Defendants answered by pleas of general denial, not guilty, and the five-year statute of limitation in bar of plaintiffs' alleged cause of action. The case was tried before the court without a jury, and judgment was rendered for plaintiffs. In said judgment the land recovered is described as follows:

"55.1 acres of land situated about 15 miles north from the city of Houston, Tex., and being out of and a part of the Washington County Railroad Co. section No. 23, block 4, said tract being described by metes and bounds as follows, to wit: Beginning at a corner in the east line of said Washington County Railroad Company section 23, block 4, at a point 1,900 varas south and 1,900 varas east of the S. W. corner of section 14 of the Washington County R. R. Co. survey, block 4, said point also being 1,399 varas N. of the north line of the T. N. Dorsett survey, and being also at a point in the fence line along the northern boundary of section 22, Washington County R. R. Co. survey, block 4, where an old fence running north intersects therewith, this said point being the S. E. corner of said section 23. Thence N. along said old fence line, the same being the east line of section 23, 263 varas, to a point where said old fence line intersects another fence line running east and west. Thence west, and parallel with the south line of section 14, Washington County Railroad Co. survey, along a fence line and partially constructed fence line, 1,259 varas, for corner. Thence south, along the fence line, 263 varas, to a point, the same being the N. E. corner of section 24 and the N. W. corner of section 22, Washington County Railroad Company survey, block No. 4, as said two surveys are now fenced; said point being 1,399 varas N. of the north line of the T. N. Dorsett survey. Thence east from said point, along the N. line of section 22 as fenced, 1,259 varas, to the place of beginning. Said land being a rectangle out of the S. E. corner of section 23."

[1] There is no statement of facts with the record, nor is there any bill of exception in the record. We are therefore in no position to consider such of the assignments of plaintiffs in error as complain of the findings of fact of the trial court, or the refusal of said court to find facts requested by plaintiffs in error. The only question presented which requires our consideration is presented by the first assignment, which was not filed in the trial court. We are of the opinion, however, that, if this assignment presents error at all, it presents fundamental error, and can be presented for the first time on appeal.

The first assignment, in effect, is that the court erred in rendering judgment in favor of defendants in error for the land described in said judgment, because the land there described is not the same as that described in the plaintiffs' petition, but is other and different land, and therefore the trial court was without authority to render a judgment for defendants in error for land not described in their petition. The contention of plaintiffs in error is, first, that the judgment, in describing the land sued for, must follow and be confined to the exact description of the

same given in the petition; second, that, if they be in error in the first proposition, then they say the description given in the judgment in this cause does not identify the land as being the same land sued for by plaintiffs, and therefore the judgment does not adjudicate and determine the controversy between the parties as made by the pleadings, and for such reason is void.

[2, 3] If, as contended for by plaintiffs in error, the plaintiffs in the trial court have described in their petition and sued for one tract of land, and the judgment of the court has decreed to them another and different tract from that so described, such decree would be void, and if the record discloses such conditions, it would disclose fundamental error, which may be complained of for the first time on appeal, without assignment in the trial court. But we are unable to agree that the record discloses any such error. The description of the land sued for is 55.1 acres of land situated about 15 miles from the city of Houston, and being out of and a part of the Washington County Railroad Company section No. 23, block 4, and is further described as beginning at a point in the east line of said Washington County Railroad Company section 23, block 4, at a stake set in the center of the north fork of Green's bayou; thence west 1,259 varas with a fence for its N. W. corner; thence south 263 varas along another fence to the south line of said section No. 23 of Washington County Railroad Company survey, block 4, for its S. W. corner; thence east, along a fence on the south line of said section 23, 1,259 varas, to the southeast corner of said section 23, for its southeast corner; thence north, along the east line of said section 23, 263 varas, to place of beginning. These field notes describe a rectangular tract of land in the southeast corner of said section 23, to begin in the east line of said section at a point 263 varas from its southeast corner; its north line to run thence west 1,259 varas, parallel with the south line of said section 23; its west line to run south 263 varas, parallel with the east line of said section 23, to the south line thereof; its south line to run east with said south line of section 23, 1,259 varas, to the southeast corner of the same; and its east line to run with the east line of said section 23 to place of beginning. The essential description of the land decreed to plaintiffs by the judgment is as follows:

"55.1 acres of land situated about 15 miles north from the city of Houston, Tex., and being out of and a part of Washington County Railroad Co. section No. 23, block 4," beginning at the southeast corner of the Washington County Railroad Company section 23, block 4; thence along and with the east line of said section 23, 263 varas, for its northeast corner; thence west 1,259 varas for its northwest corner; thence south 263 varas for its southwest corner (this last call establishes the southwest corner in the south line of said section 23); thence east 1,259 varas to place of beginning (which is the southeast corner of said section 23).

The concluding words of the descriptive matter in the judgment are as follows:

"Said land being a rectangle out of the southeast corner of section 23."

While there are many calls for fence lines and other objects in the two sets of calls, those in the petition and those in the judgment, which we have omitted from our description in the above discussion, we have carefully set out the essential calls in both the said descriptions, and have reached the conclusion that the description given in the petition and that given in the judgment describe one and the same tract of land, and that the judgment is not void because it describes a different tract of land from that sued for, as contended by plaintiffs in error. We must presume, in the absence of a statement of facts, that the evidence was sufficient to show the location of the south and east lines of section 23 called for in the description set out in plaintiffs' petition, as well as all the boundary lines of the land sued for.

[4] We cannot sustain the contention of plaintiffs in error that, in describing land sued for, the description in the judgment should necessarily follow and be confined to the description given in the petition of the plaintiffs. A description in the judgment sufficient to identify the land as that described in the petition is sufficient, and by no means would a more comprehensive description in the judgment than that given in the petition render such judgment void. Reed v. Gavett, 1 Tex. Civ. App. 154, 20 S. W. 837; Wilhelm v. Baumann, 133 S. W. 292; Johnson v. Gary, 157 S. W. 237; Jones v. Andrews, 72 Tex. 5, 9 S. W. 170; Richardson v. Powell, 83 Tex. 588, 19 S. W. 262.

[5, 6] The findings of fact by the court support the judgment rendered, and in the absence of a statement of facts we must presume the evidence supported such findings; and, besides, plaintiffs in error reserved no exception to such findings, and in the absence of such exception we are not called upon to consider complaints made of such findings in the motion for new trial.

What we have said disposes of all of the assignments, and, as we find no error in the judgment of the trial court, it is in all things affirmed.

Affirmed.