## WILHELM v. BAUMANN.

(Court of Civil Appeals of Texas. Nov. 30, 1910. Rehearing Denied Jan. 4, 1911.)

1. BOUNDARIES (§ 43*)—ACTION—JUDGMENT.

The purpose of a boundary suit is to fix and determine the boundary line in controversy, so that an officer charged with the duty of executing a writ of possession can go on the land, and, without exercising judicial functions, ascertain the locality of the line fixed by the judgment; so that a judgment not accomplishing such purposes is of no avail and should be set aside on appeal.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. § 208; Dec. Dig. § 43.*]

2. BOUNDARIES (§ 43*)—ACTION—JUDGMENT.

The judgment for plaintiff, in an action in form of trespass to try title, but by the testimony made a boundary case, does not determine the controversy, it, instead of locating the boundary and describing it with reference to objects now on the ground, following the description of the land in the petition, which is by courses and distances, and does not refer to any tree or anything else by which the land can be identified on the ground; and the evidence being that trees referred to in plaintiff's deed as at the beginning corner cannot be found; and the testimony of the only surveyor, who was a witness, being that the only means of locating the line in dispute was by certain line trees; and in order to so locate it, it being necessary to vary one of the courses and several of the distances called for in the field notes of plaintiff's tract; it being immaterial that the deed states that the land recovered includes a new fence, it not stating how far the line in controversy is from the fence.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. § 208; Dec. Dig. § 43.*]

Appeal from District Court, Burleson County; Ed. R. Sinks, Judge.

Action by Julius Baumann against Herman Wilhelm. Judgment for plaintiff. Defendant appeals. Reversed and remanded for new trial.

W. M. Hilliard, for appellant. Bowers & Garrett, for appellee.

KEY, C. J. Although the petition upon which this case was tried was in the form of trespass to try title, the testimony made it a boundary case; and, from a judgment for the plaintiff, the defendant has appealed.

The only reversible error is that pointed out in the second assignment; the objection being that the judgment does not settle the controversy between the parties. The land in controversy is described in the plaintiff's petition as part of a 150-acre tract belonging to the plaintiff, and by metes and bounds as follows: "Beginning at a point in the E. line of said 150-acre tract, 800 vrs. S. 3½ W. from the N. E. corner of said 150-acre tract; thence S. 3½ W. with said line 1,350 vrs. to cor., being the S. E. cor. of said 150-acre tract, stake for cor.; thence W. 6 vrs.; thence N. 3¾ E., including a new fence lately built, 1,350 vrs. to place of beginning, containing 7/10 acres of land, more or less."

The defendant filed a general denial and plea of not guilty, and certain other pleas, not necessary to be named. It was agreed that Susan C. Turner was common source of title, and it was shown that the plaintiff and defendant each deraigned title from her to 150 acres of land, being part of the A. Thompson league in Burleson county. The plaintiff's was the older subdivision and title, and the defendant's tract called for and was adjacent to the plaintiff's. The land sued for by the plaintiff was claimed by him as part of the 150-acre tract, title to which he deraigned from Mrs. Thompson. It will be noted that the beginning corner of the tract

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

sued for is described as in the east line of the plaintiff's 150-acre tract and 800 varas from the northeast corner of the latter tract, and no bearing trees, or other means of identity, are given.

The judgment of the court, instead of locating the boundary line in dispute and describing it with reference to objects now on the ground, follows the description of the land as given in the plaintiff's petition. However, the plaintiff's deed to his 150-acre tract refers to bearing trees at the northeast corner, and if either of these could be found upon the ground so as to identify that corner, it may be that the description in the judgment would be sufficient; but the undisputed testimony shows that no such trees can now be found. Only one surveyor testified in the case, and, according to his testimony, the only means of locating the line in dispute are certain line trees; and in order to so locate the line it was necessary to vary one of the courses and several of the distances called for in the field notes of the plaintiff's 150-acre tract. However, we are not passing upon the merits of the case, and merely refer to the testimony relied on by the plaintiff for the purpose of showing that the judgment does not conform to that testimony. The description given in the judgment does not refer to any tree of any kind, or containing any mark; nor does it refer to anything else by which the land in controversy can be identified upon the ground. It does state that the land recovered includes a new fence, lately built, but it does not state how far the line in controversy is from the fence.

The purpose of a boundary suit is to fix and determine the boundary line in controversy, so that an officer charged with the duty of executing a writ of possession can go upon the ground and, without exercising judicial functions, ascertain the locality of the line fixed by the judgment; and if the judgment does not accomplish that result, it is of no avail and should be set aside on appeal. Edwards v. Smith, 71 Tex. 161, 9 S. W. 77; Jones v. Andrews, 72 Tex. 17, 9 S. W. 170; Reed v. Cavett, 1 Tex. Civ. App. 156, 20 S. W. 837; Provident Nat. Bank v. Webb, 128 S. W. 426. The case last cited was differentiated by this court from the other cases cited; but, in the course of the opinion, Mr. Justice Jenkins correctly stated the rule applicable to this class of cases in the following language: "In a boundary suit brought in form of trespass to try title, where there is a general verdict for the plaintiff, if the plaintiff has not in his petition described the boundary so that it can be identified by objects found on the ground, a judgment following the verdict is void, for the reason that it cannot be executed without the officer attempting to execute the same assuming judicial functions and determining the location of such boundary; and such a judgment would not sustain a plea of res adjudicata in a subsequent suit between the same parties involving the same subject-matter."

Looking to the description of the land contained in the plaintiff's petition and in the judgment, and the testimony upon which the case was tried, we feel compelled to hold that the judgment fails to determine the matter in controversy, and for that reason it will be reversed and the cause remanded for another trial.

Reversed and remanded.