CRAIG v. MINGS et al.

(Court of Civil Appeals of Texas. Texarkana. Feb. 8, 1912.)

QUIETING TITLE (§ 49*)—JUDGMENT.

Where, in a suit to quiet title, the only issue is the location of the boundary line between the lands of the plaintiff and defendant, and the evidence conclusively shows that the plaintiff has title to all of the land claimed by him in his petition, except a narrow strip belonging to defendant, the judgment should determine the boundary line and clearly describe and identify it.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 98, 99; Dec. Dig. § 49.*]

Appeal from District Court, Hunt County; T. D. Montrose, Judge.

Action by G. T. Craig against B. W. Mings and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

J. G. Matthews and H. D. Wood, for appellant. H. L. Carpenter and S. S. Frazier, for appellees.

WILLSON, C. J. Mings owned two tracts of land in Hunt county. Each of the tracts contained about one-half an acre. The north boundary line of one of the tracts was the south boundary line of the other. By a deed dated December 8, 1904, Mings conveyed the south one of the two tracts to Craig, and by a deed October 5, 1905, conveyed the other tract to D. Sawyer. In each of the deeds the tract conveyed was described by its metes and bounds. The suit was by Craig as plaintiff against Mings and Sawyer to try the title to the tract conveyed by Mings to Craig. The petition contained only the allegations usually made by a plaintiff in an action of trespass to try title. Mings and Sawyer joined each other in an answer to the petition. In their answer they jointly pleaded "not guilty." Mings disclaimed any claim of interest in or right to the land Craig sued for, and Sawyer, by a plea in the nature of a cross-action against Craig, sought to try the title to the tract of land Mings had conveyed to him. Sawyer's allegations in his cross-action, like those in Craig's petition, were only such as are usually made by a plaintiff in an action of trespass to try title. In Craig's petition the metes and bounds of the land he sued for were set out, and in the answer the metes and bounds of the land Sawyer sued for were set out. It conclusively appeared from the testimony that Craig and Sawyer, respectively, had the title to the tract conveyed to him by Mings. The case was treated by the parties and tried by the court, it seems, as one to determine the boundary line between the two tracts of land; but the judgment rendered merely was that Craig take nothing by his suit and that Mings and Sawyer recover the costs of the suit.

From the statement made it is apparent, we think, that the judgment is erroneous. Viewing the controversy, as the parties and trial court seem to have viewed it, as one involving only the location of the boundary line between the two tracts of land, the judgment did not determine it. The purpose of the suit, so viewed, was left wholly unaccomplished by the judgment. The court should have determined the location on the ground of the line between the two tracts, and by his judgment should have so described and identified it as to have enabled an officer charged with the duty of executing a writ of possession to go upon the ground, and, "without exercising judicial functions, ascertain the locality of the line fixed by the judgment." Wilhelm v. Bauman, 133 S. W. 292. "If the judgment does not accomplish that result," said the court in the case cited, "it is of no avail and should be set aside on appeal."

Viewing the controversy as the pleadings of the parties made it, as one of title, the judgment is as plainly erroneous, because it conclusively appeared from the testimony that appellant had title to all of the land described in his petition, except a strip 6 or 7 feet wide by 250 feet long, which Sawyer claimed was embraced within the boundaries

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

of the tract he owned. Obviously appellant was entitled to a judgment for that part of the land described in his petition which the testimony showed he owned and that appellees did not own.

The judgment will be reversed, and the cause will be remanded for a new trial.