## PEAVY–MOORE LUMBER CO., Inc., v. SPRECKLES et al.

### No. 3845.

Court of Civil Appeals of Texas. Beaumont.

June 4, 1941.

Rehearing Denied July 9, 1941.

P. C. Matthews and Llewellyn & Dougharty, all of Liberty, for appellant.

Thos. J. Hightower and Thos. A. Wheat, both of Liberty, for appellees.

WALKER, Chief Justice.

As tried in the lower court, this was an action in trespass to try title by appellant, Peavy-Moore Lumber Company, Inc., against appellees, William A. White and Mrs. Delaine Presnull Meadows and her husband, Doyle Meadows, to recover the title and possession of two adjoining tracts of land on the Reuben Barrow one-third league of land in Liberty county; tract No. 1 containing 796.92 acres and tract No. 2 containing 15½ acres. By special answer, appellees claimed title to a specific tract of 160 acres under the statute of limitation of ten years, Article 5510, R.C.S. 1925. On trial to a jury, it was conceded that appellant held title to all the land sued for under a regular chain of title under the original grantee. Appellees claimed under deeds from R. M. Presnull and wife, Mary Presnull. The deed to appellee White was dated July 28, 1934, and conveyed to him an undivided one-half interest in the following described tract of land:

"* * * that certain tract or parcel of land out of a part of the Reuben Barrow

survey, situated in the western part of Liberty County, Texas, and the east San Jacinto river, being the west line of said survey, and more fully described as follows, to-wit:

"Beginning at the southeast corner of a survey of one hundred sixty acres made for W. H. Scott for the beginning corner of this survey.

"Thence north with the east line of the Scott survey 1617 feet to the northeast corner of the Scott survey.

"Thence east with an old hacked line, the continuation of Scott's north line 4310.2 feet the distance for quantity to make one hundred sixty acres of land.

"Thence south this line to bound one hundred sixty acres of land 1617 feet to an old hacked line running east and west for corner.

"Thence west with old hacked line 4310.2 feet to the place of beginning, containing one hundred sixty acres of land."

The deed to appellee, Mrs. Meadows (it was conveyed to her as Miss Delaine Presnull), conveyed her an undivided one-half interest, under a slightly different description, in the same tract of land described in appellee White's deed. In his deed to appellee White, R. M. Presnull made the following statement: "I, the said R. M. Presnull, claim to have lived on the above described 160 acres with my parents during their lifetime for a period of about thirteen years when I was a child, and that I am the only living heir, and that my parents claimed it as their homestead and that I did not know of any adverse claimants.".

The evidence raised the issue that the father and mother of R. M. Presnull lived on the land in controversy, using, cultivating and enjoying a portion thereof and claiming 160 acres for a period of more than ten years, beginning in 1892 and ending in 1904, within the conditions of the statute of limitation of ten years. Article 5510.

On the conclusion of the evidence, on appellant's construction of appellees' deeds that they did not include the Presnull limitation improvements, appellant moved for an instructed verdict, which was overruled. The case was then submitted to the jury on one special issue, which was as follows, answered by the jury in the affirmative:

"Special Issue No. 1.

"Do you find from a preponderance of the evidence that the defendants, Mrs. Delaine Presnull Meadows and husband, Doyle Meadows, and Wm. A. White and those under whom they claim have had and held peaceable and adverse possession of an undefined 160 acres of land of the land in controversy, using, enjoying and cultivating the same or any part thereof for a period of 10 consecutive years, or more, prior to the filing of this suit on the 2nd day of January, 1935?"

On the return of the verdict, appellant moved for judgment non obstante veredicto, which was overruled. Thereupon, the court granted appellees' motion to enter judgment in their favor on the verdict of the jury and a certain agreement entered into by the parties which was incorporated in the judgment. We give the material portions of the judgment:

"* * * on the 23rd day of October, 1940, the defendants, William A. White and Mrs. Delaine Presnull Meadows, filed their motion to enter judgment on the verdict of the jury returned on September 20, 1940, which motion the court granted; and the parties having heretofore entered into and filed herein the following stipulation, to-wit:—

"'In the event of an affirmative answer by the jury to Special Issue No. 1 submitted to them in this cause, said named Defendants shall have judgment and the Court shall enter Judgment for a tract of one hundred sixty (160) acres out of the Reuben Barrow one-third League, said 160 acres to be bounded on the North by the north line of the Reuben Barrow Survey; and on the West by a line drawn perpendicular to the North line of said Survey from a point which is in said line 1910 feet east of the Northeast corner of the W. H. Scott 90 acre tract out of the Reuben Barrow Survey, said line to run south from said point 1617 feet; and to be bounded on the south by a line run from said distance of 1617 feet east parallel with the north line of the Reuben Barrow Survey a sufficient distance so that a line drawn thence North parallel with the west line of this tract to the North line of the Reuben Barrow Survey and thence West with the North line of the Reuben Barrow Survey to the place of beginning, will contain one hundred sixty (160) acres of land.

"*'This stipulation and agreement is without prejudice to the right of Plaintiff to contest in the Appellate Courts the issue of limitation on any ground upon which it would otherwise be entitled.'* (Italics ours.)

"It is, therefore, accordingly ordered, adjudged and decreed that the defendants, William A. White and Mrs. Delaine Presnull Meadows, on their cross-action herein, do have and recover of and from Plaintiff, Peavy Moore Lumber Company, Inc., title to and possession of the following described land and premises, to-wit:—

"Out of and a part of the Reuben Barrow One-third League in Liberty County, Texas, particularly described by metes and bounds, as follows, to-wit:—

"Beginning at a point in the North line of said survey 1910 feet east of the Northeast corner of the W. H. Scott 90 acre tract out of the northwest corner of said Survey;

"Thence South perpendicular to the north line of said One-third League Survey 1617 feet;

"Thence East parallel with the North line of said Survey a sufficient distance to a point so that a line run thence north parallel with the West line of this tract 1617 feet to the North line of said Survey and thence West with the North line of said survey to the place of beginning will contain and include 160 acres of land and no more; for which the said William A. White and Mrs. Delaine Presnull Meadows may have their writs of possession."

Appellant has duly prosecuted its appeal from the final judgment of the lower court.

In explanation of that portion of the judgment written in italics, after the submission of this case on oral argument the parties by agreement filed the following supplemental judgment:

"No. 8647
"Peavy-Moore Lumber Company, Inc.,
Vs.
H. W. Speckles, et al.
"In the District Court of Liberty County, Texas.

"Be It Remembered that on this 23rd day of April, 1941, in vacation, there came on for consideration plaintiff's Motion to Correct Judgment filed herein April 22, 1941, the issuance and service of notice of the filing of said motion having been, on behalf of the defendants, William A. White and Mrs. Delaine Presnull Meadows, waived, and the parties appearing by their respective attorneys of record; and the court having heard and considered said motion and the allegations of fact therein contained, and knowing of his own knowledge that the essential allegations therein contained are true, that is to say:

"That upon the trial of said cause counsel for plaintiff, Peavy-Moore Lumber Company, Inc., and counsel for the defendants, William A. White and Mrs. Delaine Presnull Meadows, made and entered into a stipulation in the presence and hearing, and with collaboration and approval, of the court, to the effect that said defendants, who were claiming title to 160 acres by and under the ten year statute of limitation urged and presented in said cause, if entitled to judgment as a matter of law, and in the event of an affirmative answer to the one special issue submitted to the jury, might have judgment for the specific 160 acre tract described in said stipulation, but with the understanding and agreement of counsel and of the Court that said stipulation would be without prejudice to any right of defense which the plaintiff, Peavy-Moore Lumber Company, Inc., would otherwise have to contest the rendition of judgment in favor of said defendants, either in the trial or appellate courts; that such agreement was made and entered into by and between counsel, with the consent and approval of the court, after the presentation to, and the overruling by, the court of plaintiff's motion for instructed verdict; that such stipulation and agreement formed and was the basis for the rendition by the Court of judgment for the particular 160 acres described therein, and as such became and was made a part of the judgment in favor of said defendants for said 160 acres of land; that the purpose and effect of said stipulation was to fix the location of the particular 160 acre tract to be recovered by said defendants, if they were entitled to recover at all, and it was within the knowledge of this court at the time that it was not the purpose of said stipulation to limit or in anywise affect the right of the plaintiff, Peavy-Moore Lumber Company, Inc., to challenge, on any ground otherwise available to it under the law and facts, the rendition of judgment in favor of said defendants; that the words of said stipulation by which such rights of plaintiff were undertaken to be reserved and preserved were as follows:—

" 'This stipulation and agreement is without prejudice to the right of plaintiff to contest in the appellate courts the issue of limitation on any ground on which it would otherwise be entitled;' that said motion presents the question as to whether the language of said stipulation herein quoted correctly and accurately expresses the terms of the agreement had and the intention of the parties at the time the same was made and entered into as hereinbefore set out; and the court being of the opinion that said motion should be granted, and that said judgment and the stipulation contained therein should be corrected so as to express in unmistakable terms the agreement had and entered into by and between counsel with the consent and approval of the Court:

"It is, therefore, accordingly ordered, adjudged and decreed that said judgment and the stipulation therein contained be corrected and the language of said stipulation hereinabove quoted be changed so as to correctly express the agreement had by and between counsel with the consent and approval of the Court, and that the same, as contained on page 7 of said judgment be, corrected and amended so as to hereafter read as follows, to-wit:

" *'This stipulation and agreement is without prejudice to any right of plaintiff to assert any defense, either in the trial court or appellate courts, which it would be entitled to assert if this stipulation had not been made.'* (Italics ours.)

"It is further ordered, adjudged and decreed that the plaintiff, Peavy-Moore Lumber Company, Inc., pay all costs in this behalf expended, for which execution may issue.

"Thos. B. Coe,
"Judge, District Court of Liberty County, Texas."

■ We overrule appellant's assignment that it was entitled to an instructed verdict, on the theory that the land described in appellees' deeds did not include the improvements of the original limitation claimant. Under the evidence, at least a portion of the original improvements was included in the deeds, which was described by specific metes and bounds in appellees' pleadings; on this conclusion appellant was not entitled to an instructed verdict for all the land sued for, which is its contention.

■ But the agreement on which the judgment was entered, copied into the judgment, and explained by the supplemental judgment, estopped appellant from asserting its propositions that it was entitled to an instructed verdict, and also from advancing any of the propositions upon which it rests its appeal. Appellant had the legal right to agree with appellees, as it did agree, that in the event the jury should return an affirmative answer to special issue No. 1, appellees should receive the specific tract described in the agreement and awarded them by the judgment, on the terms of the agreement. On the execution of the agreement by the parties to the suit, the deeds under which appellees claimed passed out of the case, and the rights of the parties to recover a specific tract of land on their plea of limitation was made to rest on the affirmative answer of the jury to special issue No. 1.

■ We overrule appellant's contention that all of its defenses against the deeds to appellees from the original limitation claimants were reserved to them by the following stipulation in the agreement: "This stipulation and agreement is without prejudice to any right of plaintiff to assert any defense, either in the trial court or appellate courts, which it would be entitled to assert if this stipulation had not been made."

Only one issue was submitted to the jury—the issue of limitation of ten years. The agreement reserved to appellant the right to assert on appeal that issue No. 1 was not raised by the evidence, and that the jury's answer thereto was without support in the evidence and against the overwhelming weight of the evidence. Appellant does not advance these contentions, but concedes that special issue No. 1 was raised by the evidence and that the jury's affirmative answer thereto has support in the evidence. Again, appellant had the right under its agreement to attack the form of special issue No. 1, but no such attack is made. By the agreement, the issue of limitation—whether the original limitation claimants had perfected title under the statute of limitation of ten years "to an undivided 160 acres of the land in controversy"—was made the controlling fact issue in the case. So, under the agreement, whether or not appellees' deeds included the original improvements became an immaterial inquiry; this follows because the parties had stipulated that ap-

pellees, on an affirmative answer to special issue No. 1, should receive a specific tract of land; that is to say, on the jury's affirmative answer to special issue No. 1, the original limitation claimants had perfected title to an undivided 160 acres of the land sued for, which was granted appellees as the specific tract described in the agreement.

The deeds to appellees from the limitation claimants were in no sense material on any element of special issue No. 1. If these deeds had been excluded from the jury over appellees' exceptions, and the jury had answered special issue No. 1 in the negative, appellees could not complain because, as stated above, the deeds were without probative force on that issue.

The court rendered judgment on the agreement and not on the deeds. Under the agreement, no issue can arise as to the construction of the deeds, whether or not they included the improvements of the original limitation claimants.

Notwithstanding our conclusions, based on the agreement, we have carefully reviewed the statement of facts on all of appellant's propositions, and it is our judgment that, independent of the agreement, the judgment of the lower court should be affirmed. But having affirmed the judgment on the agreement, it would add no force to our opinion to discuss in detail appellant's assignments of error and propositions.

It is ordered that the judgment of the lower court be in all things affirmed.