The STATE of Texas et al., Appellants,

v.

Samuel Everett McHARD, Jr., et al., Appellees.

No. 144.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Sept. 11, 1968.

Rehearing Denied Oct. 9, 1968.

Crawford C. Martin, Atty. Gen., of Texas, Nola White, First Asst. Atty. Gen., A. J. Carubbi, Jr., Executive Asst. Atty. Gen., Houghton Brownlee, Jr., Harold G. Kennedy, James H. Quick, Asst. Attys. Gen., Austin, Fred A. Lange, Houston, for appellants.

Clark G. Thompson, Spiner, Pritchard & Thompson, Wilbur S. Cleaves, Cleaves & Cleaves, John E. Price, Jr., Price, Veltmann, Skelton & Neblett, J. M. Slator, III, Blades, Crain, Slator & Winters, Houston, Charles Reinhard, Kerrville, for appellees.

TUNKS, Chief Justice.

This case involves a controversy as to the ownership of a 22.097 acre tract of land in Fort Bend County, Texas. The appellants, plaintiffs in the trial court, filed a petition in the statutory trespass to try title form and, alternatively, pleaded the various statutes of limitations.

The property to which plaintiffs sought title by their suit is described in their petition as follows:

"BEING 22.097 acres of land out of the J. Poitevent Survey No. 4, Fort Bend County, Texas.

"BEGINNING at a point on the South line of aforesaid J. Poitevent Survey No. 4 and on the North line of the M. Merrett Survey, said point being located 6111.11 ft. North 89° 31′ 30″ East of the Southwest corner of said Poitevent No. 4 and the Southeast corner of the J. Poitevent No. 3;

"THENCE North 00° 06′ 50″ West, at 12.1 ft. past concrete monument at Southeast and Southwest corner of inclosure on the North line of F. M. Road No. 2234, and continuing along fence in all 2496.81 ft. to a concrete monument for the Northwest corner of this tract, said monument being 1.0 ft. South of Northwest corner of inclosure.

"THENCE North 89° 20′ East along fence 391.79 ft. for Northeast corner of herein described tract on a West line of the M. Merrett Survey, a concrete monument brs. North 89° 20′ East 26.75 ft.;

"THENCE South 00° 10′ 40″ West along a West line of the said M. Merritt Survey 2498.24 ft. to a ¾″ iron pipe at a reentrant corner of said Merritt Survey;

"THENCE South 89° 31′ 30″ West along a North line of said Merritt Survey 379.06 ft. to the PLACE OF BEGINNING."

In their prayer, plaintiffs sought judgment "for the title and possession of the above described premises" for damages, costs and for general relief.

The defendants answered by statutory plea of not guilty, by general denial and by pleas of various limitation statutes. The defendants further plead that they were the owners of the tract of land in the Moses Merritt Survey of Fort Bend County, described as follows:

"BEGINNING at an iron pipe located 2,041.66′ East of the Northeast corner of the THOMAS W. THOMPSON SURVEY, Abst. 335; thence North 2,555.55′ to a point for corner;

"THENCE East a distance of 647′ to a point for a corner, which point is also the Northeast corner of the MOSES MERRITT SURVEY, thence South the distance of 2,555.55′ to a point for Southeast corner of said tract, which point is located in the North line of State F. M. Road 2234;

"THENCE West along the line of said State F. M. Road 2234 a distance of 647′ to the point of beginning."

In their prayer the defendants prayed that plaintiffs take nothing against them, that they have judgment for title to the land described in their answer, and, alternatively, that they have judgment establishing the boundary line between the J. Poitevent Survey No. 4 and the Moses Merritt Survey.

It was stipulated that the plaintiffs held title to the land in the J. Poitevent Survey No. 4 and that the defendants held title to the land in the Moses Merritt Survey. The evidence showed that the two surveys were abutting. The east boundary line of the Poitevent survey was common with a west boundary line of the Moses survey. There was no testimony as to the pleas of limitation. Thus, with the stipulation between the parties the only issue for determination by the trial court was the location on the ground of the common boundary line between the two surveys. Brown v. Eubank, Tex.Civ.App., 378 S.W.2d 707, writ ref., n. r. e.

The case was tried to a jury. The only witness to testify was a surveyor called by the plaintiffs. When his testimony was finished the plaintiffs rested and defendants moved for an instructed verdict, which motion was overruled. Thereupon, the defendants, too, rested without introducing any evidence. Both parties then moved for an instructed verdict. The trial court overruled the motion of the plaintiffs and granted that of the defendants.

The judgment rendered by the court, after formal recitations, is in the following

language: "It is therefore ORDERED, ADJUDGED and DECREED by the Court that Plaintiffs (naming them) take nothing by their suit and that the Defendants (naming them) go hence without day and recover their costs of Court incurred herein. * * *" This judgment was approved as to form by attorneys for the plaintiffs and defendants.

We are of the opinion that the judgment rendered by the trial court fails to dispose of the controversy between the parties so that this case must be reversed and remanded for another trial.

■ By the very language used in plaintiffs' petition in describing the land for which title was sought the property described must, when considered with the admitted fact that the east boundary of the J. Poitevent survey and the west boundary of the Moses Merritt survey are a common line, necessarily lie within the J. Poitevent Survey No. 4. This is true because the description of the north boundary line begins at a point and goes east to a point in the west line of the Merritt survey and the east line of the tract is described as being the west line of the Merritt survey. The defendants have stipulated that the plaintiffs have title to the property in the Poitevent survey. Thus, if the judgment rendered be considered as a denial of recovery of title and possession of the property described in their petition, or a judgment that the defendants recover title to that property, it is directly contrary to the stipulation of the parties and, therefore, invalid. Peavey-Moore Lumber Co., Inc. v. Spreckles, Tex.Civ.App., 153 S.W.2d 325, err. ref., w. o. m.; Early v. Burns, Tex. Civ.App., 142 S.W.2d 260, err. ref.

■ It is true that defendants in their answer described by metes and bounds and by reference to a monument a tract of land and refer to it as "apparently being the same as that claimed in said Plaintiff's petition." In their prayer they ask judgment "ratifying and confirming the title to the above described land as being in the de-

fendants * * *." The judgment rendered makes no disposition of the defendants' prayer that for affirmative relief, nor does it dispose of their prayer that the disputed boundary line be established. The trial court's judgment that the plaintiffs take nothing is equivalent to a judgment that defendants recover, as against the plaintiffs, title to the property described in plaintiffs' petition. Hejl v. Wirth, 161 Tex. 609, 343 S.W.2d 226; Knight v. Chicago Corp., 144 Tex. 98, 188 S.W.2d 564; Permian Oil Co. v. Smith (Tex.Sup.Ct.), 73 S.W.2d 490. However, as noted above, placing such a construction on the trial court's judgment places it in conflict with the stipulation of the parties.

The location on the ground of the land described in Plaintiffs' petition is dependent on the location, on the ground of the disputed common boundary. The trial court's judgment does not fix the location on the ground of such disputed boundary. Thus, the trial court's judgment is meaningless and fails to dispose of the controversy between the parties. Craig v. Mings, Tex.Civ.App., 144 S.W. 316, no writ hist.

Reversed and remanded.