**J. P. BINGHAM, Individually and as Representative of Leatha Roberts, et al., Appellants,**

**v.**

**Wayne BOLES and Joe Boles, Appellees.**

**No. 6108.**

Court of Civil Appeals of Texas,
El Paso.

July 1, 1970.

Rehearing Denied Sept. 23, 1970.

Haley & Smith, Stephen L. Haley, Seagraves, for appellants.

Huff & Bowers, Broadus A. Spivey, Mike Thompson, Lubbock, for appellees.

## OPINION

PRESLAR, Justice.

This is a case involving a controversy over a boundary line dividing Section 1, Block G, C & M Ry. Co. Survey, from the adjoining Section 21, Block C–31, PSL Survey, Gaines County, Texas. The plaintiff-appellants own portions of Section 1, which borders on Section 21 owned by the defendant-appellees. The controversy arises from the fact that the fence dividing properties of the parties is not located on the section line. This appeal is from an order granting the defendants' motion for summary judgment. We are of the opinion that the judgment must be reversed and the cause remanded for failure to describe the property awarded thereby.

The plaintiffs alleged their title and possession of their properties and the entry thereon by the defendants, and alleged damages for destruction of certain items and for value of its use. Alternatively, they alleged a cause of action of trespass to try title in statutory form, and their prayer was for "judgment for the title and possession of said above described premises * * *" Defendants answered with a plea of "not guilty", a general denial, and pleas of various limitation statutes giving them title by adverse possession, followed by their motion for summary judgment. The trial court's judgment, after formal recitations, is in the following language:

"* * * it is ORDERED, ADJUDGED AND DECREED that the Defendants, Wayne Boles and Joe Boles' Motion for Summary Judgment be and the same is hereby granted and that the plaintiffs take nothing by their suit; that the defendants, Wayne Boles and Joe Boles have established title to the land in controversy as a matter of law and all relief prayed for by the plaintiffs is hereby denied * * *"

■ Under the judgment defendants were awarded title to "the land in controversy". By the pleadings of the plaintiffs, that would be the North one-half and the Southeast one-quarter of Section 1. By the remainder of the voluminous record before us, the deposition evidence, answers to interrogatories, exhibits, and the briefs of the parties, the "land in controversy" is a long, narrow strip of land lying between the section line and a fence built in 1914 and never changed or altered during the years except for a foot or two as required because of shifting sand dunes, which fence, prior to suit, was replaced by the defendants with an electric-charge fence. On oral argument we were told that the land in controversy consisted of possibly two or three acres. A legal description, one by which the boundaries could be located on the ground, does not appear in the record as to the land actually in controversy. The judgment does not fix the location on the ground of the disputed boundary, and thus does not dispose of the controversy between the parties. Such a judgment is fatally defective. State v. McHard, 432 S.W.2d 182 (ref., n.r.e.); Richardson v. Pavell, 83 Tex. 588, 19 S.W. 262; Permian Oil Co. v. Smith, 47 S.W.2d 500 (reversed on other grounds, 129 Tex. 413, 73 S.W.2d 490, 107 S.W.2d 564).

■ But more than that, this is a trespass to try title suit, by plaintiffs pleading for title and possession, and by the court's award of title to the land in controversy to the defendants. In such a case the property must be described by the judgment with reasonable care and certainty. A judgment using a description that is uncertain in its terms and that cannot be made certain by reference to the pleadings in the case or to other extrinsic evidence is fatally defective. 56 Tex.Jur.2d, Trespass to Try Title, § 136; Stovall v. Finney, Tex.Civ.App., 152 S.W.2d 887; Pick v. Carroll, 256 S.W.2d 211 (ref., n. r. e.); Etheridge v. City of Dallas, Tex.Civ.App., 246 S.W.2d 692, aff'd 152 Tex. 9, 253 S.W.2d 640.

By supplemental briefs, the recent case of Butler v. Hanson, Tex., 455 S.W.2d 942 has been called to our attention. And since submission of this cause, the Supreme Court has also rendered judgment in Kirby Lumber Corp. et al. v. Lindsey et al., Tex., 455 S.W.2d 733 (1970). These cases may have some application in the retrial of this cause, but they have no application here under our disposition of the case. Our problem here is that the land *actually* in controversy is nowhere in the record described with such particularity as to be a legally sufficient description for the court to write a judgment. As pointed out, the plaintiffs pleaded the land in controversy as being the North one-half and the Southeast one-quarter of Section 1. They placed in issue the title and possession of their entire farms; yet what is actually in dispute is an area between the section line and a nebulous fence line.

The summary judgment rendered by the trial court is reversed and the cause remanded for trial.