**Weldon HIGGINBOTHAM, Appellant,**

v.

**Marvin DAVIS, Appellee.**

**No. 10–99–228–CV.**

Court of Appeals of Texas,
Waco.

Dec. 13, 2000.

---

Paul E. Fulbright, Law Office of Paul E. Fulbright, Corsicana, for appellant.

Randall K. Price, Cantey & Hanger, L.L.P., Ashley T. Price, Cantey & Hanger, L.L.P., Dallas, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

GRAY, Justice.

This is an appeal from summary judgment in a trespass to try title action. Weldon Higginbotham sued to resolve a boundary dispute over a strip of land between his property and that of Marvin Davis. Davis claimed fee simple ownership of the same portion of land relying on his chain of title. The trial court entered summary judgment in favor of Davis. Higginbotham raises four issues contending that there are genuine issues of material fact to be determined and thus the granting of summary judgment was in error. We reverse and remand this cause to the trial court.

### Factual & Procedural History

This is an appeal from summary judgment in a trespass to try title action involving a small strip of property between two adjoining lots in Corsicana, Texas. Higginbotham owns one of the lots and Davis owns the other. There is a large building on the property that sits atop the joint property line. Before December 23, 1982, both lots were owned by T. Walter Erwin. Davis purchased his lot on February 5, 1993. Higginbotham purchased his lot on February 1, 1996.

In June 1997, Higginbotham sent Davis a letter stating that an interior wall (firewall) was encroaching upon his property. The letter further stated that Davis should vacate and cease possession of that portion of the land and building. Following unsuccessful attempts to reach an agreement, Higginbotham brought this trespass to title action against Davis to determine ownership of the disputed strip of property and to establish the proper boundary between the two lots.

Higginbotham argued that the disputed area was encompassed in the property description in the deed dated February 1, 1996, which he received from Ruth Erwin Lavendar, the trustee under T. Walter Erwin's will. Davis argued that the disputed area was encompassed in the property description contained in the deed dated December 23, 1982 from T. Walter Erwin, Jr. to Harvey T. Helms, through whom he had acquired title (Davis deed).

Davis filed a traditional motion for summary judgment which the trial court granted. The trial court denied Higginbotham's motion for a new trial and he filed his notice of appeal. Higginbotham argues that the trial court erred in granting the motion for summary judgment in favor of Davis because: (1) the December 23, 1982 deed from Erwin to Helms is on its face ambiguous and such ambiguity should be resolved by the trier of fact; (2) there existed a material factual dispute regarding a conflict of calls of equal dignity; (3) there was insufficient evidence before the court with regard to Davis's claim as to the results of a survey; and (4) there existed a dispute as to material questions of fact involving the conflicting opinions of the two expert witnesses as contained in their sworn affidavits.

### Was Summary Judgment Proper?

The law in Texas is clear that in locating disputed boundary lines, priority must be given to the calls of the original grant that are more specific and definite in preference to those merely general and indefinite. *Stafford v. King,* 30 Tex. 257, 94 Am.Dec. 304 (1867). The surveyor is to take field notes on the land, which should include natural and artificial objects, if any, and courses and distances. *Id.* Often, however, the objects or "calls" referenced in the field notes will disappear over time. Therefore the law has created a priority, referred to as the dignity of calls, when trying to reestablish the boundary in a later transfer of title. *Id.*

The priority, or dignity of calls, is as follows: (1) natural objects; (2) artificial objects; (3) course; and (4) distance.

*Id.; City of Carrollton v. Duncan,* 742 S.W.2d 70, 72 (Tex.App.—Fort Worth 1987, no writ). When there are conflicting calls of equal dignity, the call that is most consistent with the intention of the surveyor as reflected by the entire description will be followed. *Sweats v. Southern Pine Lumber Co.,* 361 S.W.2d 214 (Tex.Civ. App.—Houston 1962, writ ref'd n.r.e.). However, if the deed description, as applied to physical facts, does not fix the location of the property, there is a question of fact to be submitted to the jury. *Compare Gage v. Owen,* 435 S.W.2d 559 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n.r.e.).

The deed upon which Davis relied contained the following language:

BEGINNING at an iron stake at corner, the Southwest corner of said Block No. 388, in North line of West Seventh Avenue, at its intersection with South 18th Street in said City of Corsicana; THENCE N 09 deg. 21 W 209 feet with the East line of 18th Street to an iron stake in concrete sidewalk for corner; THENCE N 77 deg. 11' E 59 feet to an iron stake for corner; THENCE S 15 deg. 13' 40" E 184.61 feet *through the middle of building with firewall* to an iron stake set on North line of West Seventh Avenue for corner; THENCE S 60 deg. 15' W 83 feet with the North line of West Seventh Avenue to the place of BEGINNING, containing 14.638 sq. ft. or 0.336 acre of land (emphasis added).

The alleged ambiguity or dispute arises because the firewall is not in the middle of the building and is not on the straight line between the described iron stakes at the corners.[1] Higginbotham argues that Erwin intended to convey the property to the point of the building along a straight line between the two described corners through the building. He contends the reference to "building with firewall" was only a way to identify the building through which the property line would pass. Davis, on the other hand, argues that Erwin intended to convey the property up to the firewall, thus using the firewall as a boundary between the two lots. However, neither party addresses the route of the property line between the corners on the North and South boundaries and the firewall, if the firewall is in fact the boundary line.

We also note that the deed uses the words "with the" when it is obviously being used as part of the property description, e.g. "with *the* East line of 18th Street" and "with *the* North line of West Seventh Avenue" (emphasis added). However, when reference is made to the firewall, which Davis contends is a call to an artificial monument and Higginbotham contends is descriptive of the building, the terminology used is "through the middle of building with firewall." Neither party has explained why different language was used.

Davis argues that the firewall is an artificial monument and as such, is entitled to the dignity of a monument. As part of his summary judgment evidence, Davis offered the affidavit of R.L. Thigpin, a licensed surveyor, who was of the opinion that tracing the boundary line from one corner iron stake along the firewall to the other corner stake results in a return to the beginning point and complete closure of the description in the Davis deed.

Higginbotham contends that even if the firewall constitutes an artificial monument, the dignity of such call conflicts with the references in the deed regarding the iron pipes (stakes[2]) which were found on the

1. The two "corners" of Higginbotham's deed on the joint boundary line are consistent with the two corners described in Davis's deed. The problem occurs because the "firewall" is on Higginbotham's side of a straight line drawn between the two corners.

2. Courts have held that stakes in the ground are artificial monuments which can fix locations conclusively. *Davis v. Woolverton,* 184 S.W.2d 659 (Tex.Civ.App.—Galveston 1944, writ ref'd).

ground. Higginbotham points to the sworn affidavit of Ronald Waltrip, a licensed surveyor. Waltrip opined that "following the call to the wall would cause a ridiculous result since it would cause all of the other calls in the description to be out of harmony and create aberrations in existing monuments and adjoining surveys." He further stated that if the call to the wall is followed, it would cause a material change to the existing surveys and monumentation of the adjoining lots because the corner stakes are not in alignment with the firewall.

 In this case the ambiguity or conflict of calls, if any, arises only after the surveyor's notes are applied to the ground; thus the parties' intention should govern the outcome. If an ambiguity exists on the face of the surveyor's field notes, or arises only after the notes are applied on the ground, the circumstances surrounding the intent of the parties still controls, and all else must yield to and be governed by this intent. *Thomas Jordan, Inc. v. Skelly Oil Co.,* 296 S.W.2d 279, 291 (Tex.Civ. App.—Texarkana 1956, writ ref'd n.r.e.). Intention of the parties to a deed with respect to the boundaries is ordinarily a fact question. *Bickler v. Bickler,* 403 S.W.2d 354, 361 (Tex.1966); *Haby v. Howard,* 757 S.W.2d 34 (Tex.App.—San Antonio 1988, writ denied).

 Our duty on appeal is to view the evidence in the light most favorable to the nonmovant, and all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *See Harwell v. State Farm Mut. Ins. Co.,* 896 S.W.2d 170, 173 (Tex. 1995). The motion, response, and controverting affidavits, when read together, contain sharp conflicts that raise material fact issues regarding the intent of the grantor in defining the boundary and thus ownership of the disputed area. The trier of fact should determine these issues. It has never been within the authority of the trial court hearing a motion for summary judgment to determine the credibility of the affiants and to try the cause on affidavits. *See Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (Tex.1952).

Thus, after reviewing the record and considering the summary judgment evidence, we cannot say that the record establishes as a matter of law Davis' ownership of the disputed strip of land and the boundary between the adjoining lots. Summary judgment was therefore improper.

### Defective Judgment

 An additional problem here is that the land actually in controversy is nowhere in the record described with such particularity as to be a legally sufficient description for the court's judgment in a trespass to title dispute. "A judgment rendered in an action of trespass to try title should describe the land thereby affected with reasonable certainty." *Etheridge v. City of Dallas,* 246 S.W.2d 692 (Tex.Civ.App.—Waco 1952), *aff'd,* 152 Tex. 9, 253 S.W.2d 640 (Tex.1952). The judgment in a trespass to try title case must so identify the land that an officer charged with the duty of executing a writ of possession can locate the property without exercising judicial functions. *Zobel v. Slim,* 576 S.W.2d 362 (Tex.1978). The judgment should contain a complete legal description of the property to which title has been established, so that reference to extrinsic documents is unnecessary.

Here, the trial court's judgment is fatally defective because it does not fix the location on the ground of the disputed common boundary and thus, fails to dispose of the controversy between the parties. *See State v. McHard,* 432 S.W.2d 182 (Tex.Civ.App.—Houston 1968, writ ref'd n.r.e.). The judgment settled nothing, leaving the parties exactly where they were before the suit was filed. *Id.*

### Conclusion

We reverse the judgment of the trial court granting summary judgment and re-

mand this cause to the trial court for a trial on the merits.

