



**MEMORANDUM OPINION**

No. 04-10-00847-CV

Juana **GOMEZ,**
Appellant

v.

Araceli Santos **GARCIA**,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2008-CVQ-001413-D2
Honorable Raul Vasquez, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:      Karen Angelini, Justice
             Sandee Bryan Marion, Justice
             Steven C. Hilbig, Justice

Delivered and Filed:  February 15, 2012

AFFIRMED

This case involves ownership of real property. The trial court granted judgment in favor

of Araceli Garcia. We affirm the judgment.

**FACTUAL BACKGROUND**

In 2002, Araceli Garcia purchased a tract of land in Webb County from Pedro Ayala.

The property is described in the warranty deed filed in the Webb County deed records as "THE

SURFACE ESTATE ONLY: IN AND TO PT OF TREACT [sic] 46 TANQUESITOS SOUTH

.9680 ACTS [sic], WEBB COUNTY, TEXAS, as per survey dated June 19, 2002 by Howland Engineering attached herein." No survey was attached to the deed. Several years later Juana Gomez placed a trailer on the property and rented it to a third party. Gomez claimed ownership of the property under a 2007 deed from Ayala.

Garcia filed suit against Gomez claiming trespass and seeking a judgment declaring Gomez had no right to possession of the property and that she was "entitled to full and peaceable possession" of the property. After a trial on the merits, Garcia was granted title to the property. Gomez appeals.

## DISCUSSION

Gomez challenges the trial court's judgment in which the title was quieted in Garcia's name. Gomez asserts the pleadings were insufficient to support the judgment rendered, and Garcia failed to prove every element of her trespass to try title suit.

### Sufficiency of the Pleadings

By its judgment, it is clear the trial court construed the suit as a trespass to try title case. A trespass to try title action is a purely statutory creation and is defined as "the method of determining title to lands." TEX. PROP. CODE ANN. § 22.001(a) (West 2000). "A suit to resolve a dispute over title to land is, in effect, a trespass to try title action regardless of the form the action takes and whether legal or equitable relief is sought." *Longoria v. Lasater*, 292 S.W.3d 156, 165 (Tex. App.—San Antonio 2009, pet. denied); *see also Hawk v. E.K. Arledge, Inc.*, 107 S.W.3d 79, 84 (Tex. App.—Eastland 2003, pet. denied) (citing *Johnson v. Bryan*, 62 Tex. 623 (1884)); *Bell v. State Dep't of Highways & Pub. Transp.*, 945 S.W.2d 292, 294 (Tex. App.—Houston [1st Dist.] 1997, writ denied), *abrogated on other grounds by Harris County v. Sykes*, 136 S.W.3d 635 (Tex. 2004). When a suit involves title to real property, it is analyzed as a

trespass to try title case regardless of the form or classification of the suit by the parties. *Longoria*, 292 S.W.3d at 165.

Gomez contends Garcia's pleadings show that she was "merely litigating the right of possession to an undefined parcel of realty," and as such the judgment conveying title to Garcia does not conform to the pleadings. We disagree. Garcia pled the case as a declaratory judgment action and sought a determination that Gomez had no right of possession in the property. The central question to the lawsuit was who had claim, thus title, to the property. We hold this suit was a trespass to try title suit. *Longoria*, 292 S.W.3d at 165.

### Sufficiency of property description

Texas Rule of Civil Procedure 783 requires a trespass to try title petition include the following:

> A description of the premises by metes and bounds, or with sufficient certainty to identify the same, so that from such description possession thereof may be delivered, and state the county or counties in which the same are situated.

TEX. R. CIV. P. 783(b). Gomez asserts Garcia's petition did not meet the pleading requirement of Rule 783 because the petition did not contain any metes and bounds recitation and did not have the warranty deed attached as an exhibit, contrary to the assertions in the petition.

Gomez filed special exceptions raising the pleading defect. However, her special exceptions were denied when she failed to appear at the hearing set to consider the matter. Gomez also reasserted her special exceptions immediately prior to trial. The trial court ruled they were waived because Gomez failed to appear at the pretrial hearing on the special exceptions and she never asked for another hearing. Before trial began, her attorney stated on the record as follows:

And, we would object to bringing out any material not covered by the pleadings. And, also, Judge, we are renewing our position on the record to the effect that this is a suit in trespass to try title. She does not have the allegations required by statute.

Trial proceeded and Gomez did not object during trial to the introduction of any evidence on the ground it was not supported by the pleadings. We hold the pleading was sufficient to put Gomez on notice that this matter would be tried as a trespass to try title.

Gomez also complains that the survey was not attached to the pleadings or the warranty deed and thus the petition fails to properly describe the property, and failing to properly describe the property renders the petition defective. *See Leach v. Cassity's Estate*, 279 S.W.2d 630, 636 (Tex. Civ. App.—Forth Worth 1955, writ ref'd n.r.e). Again we disagree. The original petition describes the disputed property as "part of tract 46 Tanquesitos South .9680 Acres in Webb County" and refers to "Exhibit A" the warranty deed.

Although the original petition may not have described the property with adequate metes and bounds, the judgment of the lower court should not be overturned when Garcia submitted at trial uncontested evidence of the property description. During trial, James Ornelas, a Registered Professional Land Surveyor with Howland Engineering and Surveying, testified regarding the survey and description of the property. He testified that although the warranty deed did not have the survey or field notes attached, the survey was referenced in the deed. He did not prepare the original survey or field notes, but he went to the property and re-measured it. Ornales, as an expert, testified the field notes accurately describe the property conveyed by the warranty deed. Both the survey and field notes were introduced into evidence.

Furthermore, the rationale behind the strict compliance with the property description would not be violated by upholding the trial court's judgment. The purpose of requiring an

adequate description of the property in the pleadings is so a decree can be entered and a writ of possession executed thereon. *Leach*, 279 S.W.2d at 636. Judgments by trial courts in trespass to try title suits must be described with reasonable care and certainty. *J. P. Bingham v. Boles*, 458 S.W.2d 99, 100 (Tex. Civ. App.—El Paso 1970, writ ref'd n.r.e.). "A judgment using a description that is uncertain in its terms and that cannot be made certain by reference to the pleadings in the case or to other extrinsic evidence is fatally defective." *Id.* The judgment in a trespass to try title case must identify the land so that an officer charged with the duty of executing a writ of possession can locate the property. *Higginbotham v. Davis*, 35 S.W.3d 194, 198 (Tex. App.—Waco 2000, pet denied).

The judgment of the trial court in this particular case is not uncertain because it makes reference to the Tract and Lot number, and attaches the Howland Engineering survey and the field notes and incorporates both exhibits by reference. The purpose of adequate pleadings is to ensure a judgment can be entered for the particular parcel of land. The judgment in this case does so.

LEGAL SUFFICIENCY OF THE EVIDENCE

Gomez requests we reverse and render a take nothing judgment, arguing Garcia failed to prove each element of a trespass to try claim by a preponderance of the evidence. First, she argues Garcia's deed contains a property description that is too general and vague; therefore, it "fails as a deed." Gomez also contends the deed is illegal because there is no evidence it was approved by either the Commissioners Court of Webb County, nor any duly authorized agency of the City of Laredo. Gomez also asserts Garcia did not prove a common source of title. Finally, Gomez argues that Garcia renounced title to the property upon which Gomez relied.

In a trespass to try title action the plaintiff has the burden of proof. In order to bring an action of trespass to try title, the plaintiff must have title to the land in question. *Wall v. Carrell*, 894 S.W.2d 788, 796 (Tex. App.—Tyler 1994, writ denied). The plaintiff's right to recover depends on his strength of title, not the weakness of the defendant's title. *Id*. "When the title is controverted, as it is when the defendant pleads 'not guilty', the defendant admits possession of the subject property and claims a better title. The burden of proof is then on the plaintiff to establish a superior title in himself by an affirmative showing." *Gillum v. Temple*, 546 S.W.2d 361, 363 (Tex. Civ. App.—Corpus Christi 1976, writ ref'd n.r.e.). In order to prove superior title, the plaintiff must show "(1) a regular chain of conveyances from the sovereign; (2) a superior title out of a common source; or (3) prior possession that has not been abandoned." *Longoria*, 292 S.W.3d at 165. Garcia chose to proceed under the superior title emanating from a common source. "'To prove title from a common source, [a] plaintiff must connect his title with the common source by a complete chain of title, connect defendant's title to the same source, and prove the superiority of his claim or title to that of defendant.'" *Dames v. Strong*, 659 S.W.2d 127, 131 (Tex. App.—Houston [14th Dist.] 1983, no writ) (quoting 56 Tex. Jur. 2d Trespass to Try Title § 121 (1964)). Common source of title can be shown in various ways, such as the pleadings, proof at trial, or an agreement between the parties. *Gillum*, 546 S.W.2d at 364. Generally, the older title from a common source is superior to all other titles. *Luckel v. Sessums*, 71 S.W.2d 579, 580 (Tex. Civ. App.—Texarkana 1934, writ dism'd).

As to title from a common source, Gomez and Garcia both plead and testified at trial that they received title to this property from Pedro Ayala. Ayala also testified he conveyed this property to both parties. Ayala testified that he sold the property to Garcia first. There is evidence to support the trial judge's implied finding of title from a common source.

Gomez's argument that the deed was not a valid deed because of the vague property description is also without merit.

> To be sufficient, a writing conveying title must provide within itself, or by reference to some other existing writing in existence at the time of the deed, the means or information by which the land being conveyed can be identified with reasonable certainty. This has been termed the "nucleus of description" theory. Under this theory, if the deed contains a "nucleus of description," parol evidence may be introduced to explain the descriptive words in order to locate the land. 'If enough appears in the description so that a party familiar with the locality can identify the premises with reasonable certainty, it will be sufficient.'

*Gaut v. Daniel*, 293 S.W.3d 764, 767 (Tex. App.—San Antonio 2009, pet. denied) (citations omitted). The deed identifies the location of the property and refers to the survey conducted by Howland Engineering.

Gomez also argues the deed is "illegal" because "it was undisputed at trial that the map or plat had not been approved by either the Commissioners Court of Webb County nor any duly authorized agency of the City of Laredo." Gomez contends Texas Property Code section 12.002 requires such approval. We find this argument unpersuasive. Section 12.002(c) simply states that "a person who subdivides real property may not use the subdivision's description" in various documents unless the plat has been approved and filed with the county clerk. TEX. PROP. CODE ANN. § 12.002(c) (West Supp. 2011). It is unclear from the face of the deed in question whether the property description contains a reference to a subdivision, and this fact simply would not matter when the property is adequately described by reference to the survey.

Finally, there is no evidence Garcia renounced title to the property in question. Gomez relies on an affidavit that was not admitted into evidence. Furthermore, Garcia testified she did not give the property back to Ayala.

The judgment of the trial court is affirmed.

Steven C. Hilbig, Justice